The STATE of Delaware, Plaintiff Below, Appellant,

v.

Sidney J. CLARK, Defendant Below, Appellee.

Supreme Court of Delaware.

Oct. 9, 1970.

Francis A. Reardon, State Prosecutor, Wilmington, for plaintiff below, appellant.

James M. Tunnell, Jr., and Paul P. Welsh of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

In this embezzlement case, the Superior Court made a pre-trial ruling that the present embezzlement statute, being 11 Del.C. § 635,[1] is unconstitutional for vagueness; but that its predecessor § 635[2] stands unrepealed and the indictment in this case states an offense thereunder. Accordingly, the Superior Court denied the defendant's motion to quash the indictment.

At that stage, the State was granted leave to file an appeal under the provisions of subparagraph (2) of the recently enacted 57 Del.L.Ch. 133.[3]

---

1. The present 11 Del.C. § 635 provides:
"§ 635. *Embezzlement of property valued at $100 or more and knowingly receiving same*
"Whoever embezzles money or other property which may be the subject of larceny, to the value of $100 or more; or whoever receives, conceals, or retains the same knowing it to have been embezzled, is guilty of a felony and shall be fined in such amount or imprisoned for such term, or both, as the Court, in its discretion, may determine."

2. The predecessor § 635 provided:
"§ 635. *Embezzlement or conversion by bailee of property valued at $100 or more*

"Whoever, being a bailee of money or other property which may be the subject of larceny, to the value of $100 or more, embezzles or fraudulently converts the same to his own use, shall be fined in such amount or imprisoned for such term, or both, as the court, in its discretion, may determine."

3. 57 Del.L. Ch. 133 provides:
"§ 101. Appeals by the State in criminal cases
"An appeal may be taken by the State from a lower court to an appellate court in the following instances:
"(1) Appeal as of right. The State shall have an absolute right to appeal to an appellate court a final order of a lower

The defendant has moved to dismiss the appeal on the ground that it seeks review of an unappealable interlocutory order. We agree.

■ Subparagraph 2 is ambiguous; but when read in toto, and in the light of subparagraph 1, the conclusion is impelled that it provides for appeal by the State from a certain type of interlocutory order only: an "order suppressing or excluding substantial and material evidence." Only in the case of the reversal of such an order is the decision of this Court binding upon the defendant; for otherwise, as the Act states, "in no event shall the decision or the result of the appeal affect the rights of the defendant and he shall not be obligated to defend the appeal."

■ The order in this case is an interlocutory order; and it is not of the evidentiary type in the appeal of which the decision of this Court would affect the rights of the defendant. It follows that any decision of this Court in this appeal would not be binding upon the defendant in this case. We hold, therefore, that the order below is not appealable by the State at this stage of this case; and that further proceedings in the Superior Court in this case should not be delayed by further proceedings in this Court on this appeal.

This construction of subparagraph 2 is consistent with the views we expressed in Hodsdon v. Superior Court, Del.Supr., 239 A.2d 222 (1968). There the defendant in a criminal case sought review by this Court of an adverse pre-trial ruling on the constitutionality of the statute under which he had been indicted. This Court there refused to review the interlocutory order and thus to "fragment" the case, stating:

"Manifestly, our basic constitutional policy is against piece-meal appeals in criminal cases and the delays necessarily resulting therefrom. Such public policy is well founded, in our view, because the proper administration of criminal justice requires prompt law enforcement and speedy trials. * * *."

Fragmentation of criminal cases is against public policy, we think, whether by action of the defendant or of the State.

This is not to say that the purpose of subparagraph 2 is unduly truncated. The primary purpose of that portion of this Act, as we understand it, is to afford to the State the opportunity to have reviewed by this Court adverse rulings of law made by lower courts—not for the purpose of having an appellate decision in the specific case in which the question arose, but for the purpose of having the question finally

---

court where the order constitutes a dismissal of an indictment or information or any count thereof or the granting of any motion vacating any verdict or judgment of conviction where the order of the lower court is based upon the invalidity or construction of the statute upon which the indictment or information is founded or where the order is based on the lack of jurisdiction of the lower court over the person or subject matter.

"(2) Appeal in the discretion of the appellate court. The State may apply to the appellate court to permit an appeal to determine a substantial question of law or procedure, and the appellate court may permit the appeal in its absolute discretion. The appellate court shall have the power to adopt rules governing the allowance of such an appeal; but, in no event shall the decision or result of the appeal

affect the rights of the defendant and he shall not be obligated to defend the appeal, but the Court may require the Public Defender of the State of Delaware to defend the appeal and to argue the cause; provided, however, that if the order appealed from is an order suppressing or excluding substantial and material evidence the Court may permit an interlocutory appeal of any pre-trial order, and if the order suppressing such evidence is reversed, the defendant may be subjected to a trial.

"(3) The appeal or application for appeal shall be filed with the appellate court within 60 days from entry of the order appealed from."

The procedures implementing this Act have been prescribed by Rule 5(10) of this Court.

decided for future cases—all with due regard for the double jeopardy guaranty. That purpose is not frustrated by our construction of subparagraph 2. After the entry of final judgment below in the instant case, the State may again seek to bring up the question of the constitutionality of the present 11 Del.C. § 635 for future reference.

The appeal is dismissed.