**STATE of Delaware, Plaintiff Below, Appellant,**

v.

**Iven O. FISCHER, Defendant Below, Appellee.**

**STATE of Delaware, Plaintiff Below, Appellant,**

v.

**Hubert R. GOLDSBERRY, Defendant Below, Appellee.**

Supreme Court of Delaware.

May 7, 1971.

Reargument Denied May 24, 1971.

Victor F. Battaglia, City Sol. and Deputy Atty. Gen., and Victor J. Colombo, Asst. City Sol. and Deputy Atty. Gen., Wilmington, for plaintiff below, appellant.

Stephen B. Potter of Sullivan, Potter & Roeberg, Wilmington, for defendants below, appellees.

WOLCOTT, C. J. and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

These are appeals by the State from dismissals of indictments by the Superior Court on the ground of unnecessary delay in bringing the appellees to trial.[1] See opinion below at Del.Super., 269 A.2d 244. These appeals are brought by the State as of right, under the portion of 57 Del.L. Ch. 133 now designated 10 Del.C. § 9902.[2]

---

1. Superior Court Criminal Rule 48(b) provides:

"(b) Dismissal by Court. If no indictment is returned or information filed against a person held to answer in the Superior Court at or before the second term following the day upon which such person was held to answer, he shall be released without any further obligation to furnish bail and any surety theretofore given shall be discharged. If there is unnecessary delay in bringing the defendant to trial, the court may dismiss the information or indictment."

2. 10 Del.C. § 9902 provides:

"§ 9902. Appeal as of right. The State shall have an absolute right to appeal to an appellate court a final order of a lower court where the order constitutes a dismissal of an indictment or information or any count thereof or the granting of any motion vacating any verdict or judgment of conviction where the order of the lower court is based upon the invalidity or construction of the statute upon which the indictment or information is founded or where the order is based on the lack of jurisdiction of the lower court over the person or subject matter."

The appellees move to dismiss the appeals on the ground that the dismissals of the indictments were not "based upon the invalidity or construction of the statute" upon which the indictments were founded; that, therefore, the State lacks the statutory right of appeal. The contention points up a patent ambiguity in § 9902, requiring construction of the Statute. The Statute may be read (1) to permit unconditional appeals from dismissals of indictments or informations, as contended by the State, or (2) to limit such appeals to the case in which the dismissal was based upon the invalidity or construction of the statute upon which the indictment or information was founded, as contended by the appellees.

At the outset, it is to be recognized that the Statute covers appeals to any State "appellate court". This includes appeals to the Superior Court from the Court of Common Pleas, the Municipal Court of Wilmington, and the Magistrate Courts, as well as appeals from the Superior Court to this Court, there being no right of appeal directly to this Court in criminal cases except from the Superior Court. In the light of that situation, the evolution of the Statute is helpful in arriving at its proper construction:

It appears that § 9902 evolved from the Report of the Governor's Committee for Revision of the Criminal Law entitled "Proposed Delaware Criminal Code, 1967".

It there appears (page 25) that the Statute was taken from the Federal Act permitting appeals by the United States in criminal cases, being 18 U.S.C.A. Sec. 3731.[3] It will be noted that the Federal Act provides for alternate classes of appeals from the dismissal of an indictment or information by a United States District Court: (1) an appeal directly to the United States Supreme Court where the dismissal is "based upon the invalidity or construction of the statute upon which the indictment or information is founded"; or (2) an appeal to the Circuit Court of Appeals where the dismissal is not appealable directly to the United States Supreme Court; i. e., where the dismissal is based on some ground other than "the invalidity or construction of the statute upon which the indictment or information is founded."

This classification of appeals from dismissals of indictments or informations in the federal courts is demonstrated by the cases: In United States v. Gunther, 104 U.S.App.D.C. 16, 259 F.2d 173 (1958), an appeal to the Court of Appeals was permitted from the dismissal of an indictment by the District Court on the ground of lack of speedy trial. See also United States v. Cleary (2 Cir.) 265 F.2d 459 (1959); United States v. Tane (2 Cir.) 329 F.2d 848 (1964); United States v. Hughes (3 Cir.) 311 F.2d 845 (1962); United States v. Wheeler (3 Cir.) 256 F.2d 745 (1958).

3. 18 U.S.C.A. Sec. 3731 provides in pertinent part:

"An appeal may be taken by and on behalf of the United States from the district courts direct to the Supreme Court of the United States in all criminal cases in the following instances:

"From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof, where such decision or judgment is based upon the invalidity or construction of the statute upon which the indictment or information is founded.

"From a decision arresting a judgment of conviction for insufficiency of the indictment or information, where such decision is based upon the invalidity or construction of the statute upon which the indictment or information is founded.

"From the decision or judgment sustaining a motion in bar, when the defendant has not been put in jeopardy.

"An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases, in the following instances:

"From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof except where a direct appeal to the Supreme Court of the United States is provided by this section.

"From a decision arresting a judgment of conviction except where a direct appeal to the Supreme Court of the United States is provided by this section.

" *   *   *."

Since our Statute covers appeals by the State from lower courts to the Superior Court, as well as appeals from the Superior Court to this Court, and since there is no right of appeal from such lower courts directly to this Court, it is reasonable to assume that the drafters of our Statute, in following 18 U.S.C.A. Sec. 3731, intended to adopt the federal formula for appeals to the Circuit Court of Appeals from pre-trial dismissals of indictments, rather than the formula for appeals therefrom directly to the United States Supreme Court.

This conclusion requires a construction of § 9902 as though it were punctuated and arranged as follows:

"(1) Appeal as of right. The State shall have an absolute right to appeal to an appellate court a final order of a lower court where the order constitutes (a) a dismissal of an indictment or information or any count thereof; or (b) the granting of any motion vacating any verdict or judgment of conviction (1) where the order of the lower court is based upon the invalidity or construction of the statute upon which the indictment or information is founded, or (2) where the order is based on the lack of jurisdiction of the lower court over the person or subject matter."

We so hold. Compare A.B.A. "Standards Relating to Criminal Appeals" § 1.4

Under the above construction of § 9902, the State has the right to appeal the dismissals of the indictments below. Accordingly, the motions to dismiss the appeals will be denied.

## UPON PETITION FOR REARGUMENT

The appellees point to the commentary in the "Proposed Delaware Criminal Code, 1967" (p. 27) wherein it is stated that the intent of the Committee, which drafted the proposal from which 10 Del.C. § 9902 was taken, was "to permit an appeal on matters of law (i. e., to test the court's construction of or decision as to the invalidity of a particular statute) * * * whenever the effect will not be to put the defendant twice in jeopardy."

We find the commentary unpersuasive as to legislative intent in view of the earlier inaccurate statement contained therein (p. 24) to the effect that 18 U.S.C. § 3731 "limits appeal to three classes of cases" i. e., the three classes appealable directly to the United States Supreme Court. As has been noted above, the Federal Statute permits appeals by the Government in six classes of cases: three applicable to the Supreme Court and three applicable to the Circuit Courts of Appeals.

The appellees also contend that our conclusion opens the door to unlimited appeals by the State from pre-trial dismissals of indictments and informations. This is not a novel result, however, in view of the similar situation existing under 18 U.S.C. § 3731, as to appeals to the Circuit Courts of Appeals from pre-trial dismissals of indictments and informations by District Courts.

Finally, the appellees remind us that they contend that these appeals should be classified as discretionary under 10 Del.C. § 9903.[4] We have found this argument un-

---

4. 10 Del.C. § 9903 provides:

"Appeal in the discretion of the appellate court. The State may apply to the appellate court to permit an appeal to determine a substantial question of law or procedure, and the appellate court may permit the appeal in its absolute discretion. The appellate court shall have the power to adopt rules governing the allowance of such an appeal; but, in no event shall the decision or result of the appeal affect the rights of the defend-

ant and he shall not be obligated to defend the appeal, but the Court may require the Public Defender of the State of Delaware to defend the appeal and to argue the cause; provided, however, that if the order appealed from is an order suppressing or excluding substantial and material evidence the Court may permit an interlocutory appeal of any pretrial order, and if the order suppressing such evidence is reversed, the defendant may be subjected to a trial."

acceptable in view of our conclusion that the appeals are of the class covered by § 9902, and because it is clear that § 9903 is addressed to post-trial appeals, except for the specified interlocutory appeals from pre-trial orders suppressing evidence. See State v. Clark, Del.Supr., 270 A.2d 371 (1970).

The petition for reargument is denied.