**STATE of Delaware**

v.

**Helen A. DOBIES.**

Superior Court of Delaware, New Castle.

March 20, 1972.

**664**

———◆———

Kent Walker, Deputy Atty. Gen., Department of Justice, Wilmington, for the State.

Stephen B. Potter, Wilmington, for defendant.

## OPINION ON STATE'S APPEAL FROM DISMISSAL IN MUNICIPAL COURT

BIFFERATO, Justice.

This is an appeal by the State pursuant to Title 10 of the Delaware Code, Section 9902 after the case was dismissed by Municipal Court.

On January 21, 1971, members of the Vice Squad of the Bureau of Police of Wilmington executed a search warrant in the matter of "Helen A. and William Dobies and the entire premises of 912 Marshall Street, Wilmington, Delaware." The officers searched the property at 912 Marshall Street and the person of the defendant, Helen A. Dobies. William Dobies was not searched. After execution of the warrant, the defendant was arrested and charged with "Being Concerned in Interest In Lotter Policy Writing." An information was filed on January 22 and on February 3 the defendant was arraigned and entered a plea of "Not Guilty." At the arraignment, the defendant entered a verbal motion to suppress the evidence. The Municipal Court, on March 5, 1971, found the search warrant void in its entirety on the grounds that there were no supporting allegations in the search warrant affidavit to establish probable cause for the search of William Dobies and ordered the charge against the defendant dismissed.

The State has applied to this Court, pursuant to Del.C. § 9903 and Rule 38.1(b) of the Superior Court Rules of Criminal Procedure respecting discretionary appeals by the State, for leave to appeal the granting of the motion to dismiss.[1]

■ 10 Del.C. § 9903 provides for appeals by the State in the discretion of the appellate court "to determine a substantial question of law or procedure." In State v. Fischer, 278 A.2d 324 (Del.Supr., 1971), the Delaware Supreme Court, when consider-

---

1. The State's application for appeal provides in pertinent part:
 Now comes the State of Delaware by its attorney, the Attorney General, pursuant to 57 Del.Laws, Ch. 133, Sec. 1–101(2) and Criminal Rule 38.1(b), and

 for reasons hereinafter set forth respectfully requests leave of this Honorable Court to appeal the decision of the Municipal Court of the City of Wilmington granting the defendant's motion to dismiss.

ing the petition for reargument, concluded that ". . . it is clear that § 9903 is addressed to post-trial appeals . . ." See also State v. Clark, 270 A.2d 371 (Del.Supr., 1970). The State's appeal from the motion to dismiss the information, not being a "post-trial appeal" is improvidently brought under 10 Del.C. § 9903.

■ The State may properly appeal a motion to dismiss an information under 10 Del.C. § 9902. Section 9902 provides in pertinent part:

§ 9902. *Appeals as of right*

The State shall have an absolute right to appeal to an appellate court a final order of a lower court where the order constitutes a dismissal of an indictment or information or any count thereof . . .

As the Municipal Court's granting of defendant's motion to dismiss was "a dismissal of an . . . information", the State has an "absolute right to appeal". The question remains, however, whether this Court may consider an appeal under 10 Del.C. § 9902 when the State filed an application for appeal under § 9903.

■ At common law, a state had no right of appeal in a criminal case. See United States v. Sanges, 144 U.S. 310, 12 S.Ct. 609, 36 L.Ed. 445 (1892). When an appeal was allowed to the State by statute, the right was strictly limited to cases coming within the statutory terms. See 24 C.J.S. Criminal Law § 1659. In State v. Fischer, supra, at 325, the Delaware Supreme Court noted that the origin of § 9902 "was taken from the Federal Act permitting appeals by the United States in criminal cases, being 18 U.S.C.A. Sec. 3731." The United States Supreme Court, in United States v. Mersky, 361 U.S. 431, 434–36, 80 S.Ct. 459, 462, 4 L.Ed.2d 423 (1960), discussed the reasons for enacting the federal act:

"It therefore appears abundantly clear that the remedial purpose of the Act was to avert 'the danger of frequent conflicts, real or apparent, in the decisions of the . . . courts, and the unfortunate results thereof'; and to eliminate 'the impossibility of the government's obtaining final and uniform rulings by recourse to a higher court.' 20 Harv.L. Rev. 219."

As the right of appeal provided to the State under 10 Del.C. § 9902 evolved from the federal act, the nature of the remedy must be regarded as an important remedial right which, like other appeals, should not be denied except for good cause and in the clearest of cases if the appeal is within the terms of the statute. See 4 C.J.S. Appeal and Error, § 20.

■ There is no doubt that the General Assembly of Delaware intended to confer upon the State the ability to appeal the dismissal of an information. The legislature provided for an "absolute right of appeal" in such cases within 60 days from the entry of the order. 10 Del.C. § 9902; 10 Del.C. § 9904. In the present case, the appeal is squarely within the limits of the statutory sections: the appeal is from the motion to dismiss the information and was filed within 60 days of the entry of the order. Where the State has put the Court and defendant on notice of its intent to appeal within the period provided by statute (and Rule 38.1(a) of the Criminal Rules of this Court), as the appeal is "an absolute right", the State's technical error in citing the wrong statutory section is not good cause for denying the appeal. See 4 C.J.S. Appeal and Error § 20. The Court may proceed, therefore, on the State's appeal of the motion to dismiss as an appeal of right under 10 Del.C. § 9902.

■ The defendant contends that 10 Del.C. § 9902 is unconstitutional insofar as it extends the jurisdiction of Superior Court beyond the limitations of Article IV, Section 7 of the Delaware Constitution of

1897, as amended.[2] The jurisdiction of the Superior Court, however, is not limited to the constitutional grant conferred in Section 7. Article IV, Section 17 provides for "Jurisdictional changes by General Assembly . . ." The General Assembly is specifically granted in Section 17 the "power to confer upon the Superior Court . . . jurisdiction and powers in addition to those hereinbefore mentioned . . ." In addition, Article IV, Section 28 provides that "the General Assembly may by law regulate (the criminal jurisdiction of courts inferior to the Superior Court) . . . and may grant or deny the privilege of appeal to the Superior Court . . ." The General Assembly, pursuant to its constitutional authorization, enacted 11 Del.C. § 5701, governing criminal procedure before the Municipal Court. Section 5701 provides:

§ *5701. Criminal procedure generally*

The proceedings in all cases in the Municipal Court for the City of Wilmington shall be by information and without indictment by grand jury, or trial by petit jury, with the right of appeal as provided in Article IV, Section 28, of the Constitution of this State.

Article IV, Sections 17 and 28 provide a clear constitutional basis for the State's appeal from the Municipal Court to the Superior Court under 10 Del.C. § 9902.

█ The defendant asserts that by refusing to oppose the motion to suppress filed in Municipal Court, the State has waived its right to appeal. As a general rule, to waive the right to appeal, a party must expressly or impliedly recognize the validity of a judgment, order or decree against him. See 4 C.J.S. Appeal and Error § 212(g). It is a party's express action prior to trial or judgment or his course of action or failure to act after an order has been entered by the Court, therefore, which determines if the right of appeal has been waived. In the case before the Court, the State used its "perogative" not to answer the defendant's brief because it was "a reiteration of other answering briefs on the same point." It cannot be said that the failure of the State to file an answering brief constituted recognition of the subsequent order of the Municipal Court. The defendant's contention is without merit. The Court, however, does not condone the State's failure to file a brief in the lower Court.

The Fourth Amendment to the United States Constitution, made applicable to the states by the Fourteenth (Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) ), provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

█ In Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), the Supreme Court adhered to a line of cases asserting the general rule "that Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously as-

**2.** Article IV, Section 7 of the Delaware Constitution of 1897, as amended, provides:

 *7. Jurisdiction of Superior Court*

 Section 7. The Superior Court shall have jurisdiction of all causes of a civil nature, real, personal and mixed, at common law and all other the jurisdiction and powers vested by the laws of this State in the formerly existing Superior Court; and also shall have all the jurisdiction and powers vested by the laws of this State in the formerly existing Court of General Sessions of the Peace and Jail Delivery; and also shall have all the jurisdiction and powers vested by the laws of this State in the formerly existing Court of General Sessions; and also shall have all the jurisdiction and powers vested by the laws of this State in the formerly existing Court of Oyer and Terminer.

 (Amended 48 Del.Laws, Ch. 109, approved May 14, 1951).

serted. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)." The rule was stated in Jones v. United States, supra, and quoted with approval in *Alderman*:

> In order to qualify (as a person whose rights were violated by an unlawful search and seizure) . . . one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else. (89 S.Ct. at 966)

In the case before the Court, there is no doubt that a search warrant particularly describing the defendant was issued upon probable case and that the defendant was searched. The issuance and execution of the warrant establishes the defendant as "a victim of a search or seizure, one against whom the search was directed." Following the rule established in *Alderman*, the defendant has standing to assert any violation of her Fourth Amendment rights.

 It is conceded by the State that the search warrant affidavit contained no information to establish probable cause for searching William Dobies. (State's Reply Brief, p. 9) The question remains, therefore, whether the defendant may assert that her Fourth Amendment rights have been violated when a warrant issued with probable cause for her search also commanded the search of another party without probable cause.

The defendant has construed the Fourth Amendment, in terms of the present case, in the following manner:

> ". . . no warrant to search any place . . . shall *issue* without de-scribing them . . .; unless there be probable cause . . ." (Emphasis supplied by defendant).

(Appellee's Answering Brief, p. 21)

This language is interpreted by the defendant to mean that if a warrant is absent probable cause at the time of its issuance, the Fourth Amendment rights of any party named in the warrant are violated at that moment and it is void and of no effect. The Fourth Amendment requirements securing our right to privacy, however, were noted by the Supreme Court in the first case to establish the exclusionary rule. In Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914), the Supreme Court maintained that "(a) United States marshal could only have invaded the house of the accused when armed with a warrant issued as required by the Constitution, upon sworn information, and describing with reasonable particularity the thing for which the search was to be made." Weeks v. United States, supra, 34 S.Ct. at 344. Fourth Amendment rights, therefore, are not violated by the issuance of a warrant. Failure either to establish probable cause or to describe with particularity the place, persons or things to be searched, are the Constitutional requirements securing our right to privacy. As Fourth Amendment guarantees are personal rights which may not be vicariously asserted, the defendant's contention, that the fruits of a search may be suppressed when the warrant as issued is defective as to another party, is not well taken. While probable cause must be shown for searching each party named in a warrant, a defendant has standing only to question whether the Fourth Amendment requirements have been met for her own search. See Alderman v. United States, supra.[3]

The warrant issued for the defendant described her with particularity and was is-

3. The defendant relied primarily on United States v. Hinton, 219 F.2d 324 (7th Cir., 1955). In Hinton, the government failed to name with particularity the apartments in an apartment building where narcotics were allegedly sold. The determination by the United States Court of Appeals for the 7th Circuit that the failure to particularly describe the place to be searched rendered the search warrant invalid is not in conflict with the Court's decision today.

sued upon probable cause for her search. The defendant's Fourth Amendment rights have not been violated. As the defendant does not have standing to assert the rights of another, the authorization in the warrant to search William Dobies must be treated as surplusage. See Dow v. State, 207 Md. 80, 113 A.2d 423 (1955); and State v. Masco, 103 N.J.Super. 277, 246 A. 2d 136 (App.Div.1968).

It is the opinion of this Court that the evidence should not have been suppressed nor the case dismissed in Municipal Court.

It is so ordered.