### STATE of Delaware

### v.

### Daniel CONNER, Michael Hunter.

Supreme Court of Delaware.

Aug. 4, 1972.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for the State of Delaware.

Stephen B. Potter, of Sullivan, Potter & Roeberg, Wilmington, for Thomas C. Schaffer.

Before WOLCOTT, Chief Justice, and CAREY and HERRMANN, Associate Justices:

HERRMANN, Justice:

The State was granted leave to file this appeal, under 10 Del.C. § 9903,[1] calling for review of an interpretation by the Superior Court of our Witness Immunity

---

1. 10 Del.C. § 9903 provides in pertinent part:

"§ 9903. Appeal in the discretion of the appellate court

"The State may apply to the appellate court to permit an appeal to determine a substantial question of law or procedure, and the appellate court may permit the appeal in its absolute discretion. * * * in no event shall the decision or result of the appeal affect the rights of the defendant and he shall not be obligated to defend the appeal, but the Court may require the Public Defender of this State to defend the appeal and to argue the cause; * * *."

Statute, 11 Del.C. § 3508.[2] Leave was granted because an important question is presented for decision for future reference. State v. Clark, Del.Supr., 270 A.2d 371 (1970).

I.

The State filed a motion to obtain witness immunity for, and to compel the testimony of, Thomas C. Schaffer, in the trial of Daniel Conner and Michael Hunter on charges of possession and sale of dangerous drugs. The motion was filed after the commencement of the trial. The Trial Judge immediately appointed counsel for Schaffer, who was present, and recessed the trial briefly to enable counsel to consider the matter. After the limited study the circumstances permitted, counsel advised the Court that, in his opinion, Schaffer "would be open to prosecution" for violation of the Federal Pure Food and Drug Act in the Federal courts. The State contended otherwise because "a positive representation has been obtained from the Government of the United States, through its attorney [an Assistant United States Attorney] that there will be no federal prosecution" relating to the same transaction.[3]

The Trial Court denied the motion for immunity and ruled as follows:

"THE COURT: I think the burden is on the State, * * *, to satisfy this Court that the individual who's granted immunity may not be subjected to criminal prosecution. I think the burden is on the State to do it because * * * the Court shall not enter such order if the Court finds that such person may be subjected to criminal prosecution. It seems to me that under that language the State has the burden of establishing almost conclusively that there can be no prosecution.

"If the State has no more to offer than what has been offered in support of its suggestion that this man would not be prosecuted under Federal laws, * * * the Court is ready to rule.

"MR. HURLEY: The State has no more information to offer your Honor.

"THE COURT: The Court does not find—cannot say that this man may not be subjected to criminal prosecution in the Federal Court and, therefore, denies your motion to obtain witness immunity."

---

2. 11 Del.C. § 3508 provides in pertinent part:

"§ 3508. Obtaining of testimony under court order; witness immunity

"(a) In any criminal action or in any investigation carried on by the Grand Jury, if a person refuses to answer any question or to produce evidence of any kind solely on the ground that he may thereby be incriminated, the Superior Court, upon motion of the Attorney General, may order such person to answer the question or to produce the evidence, after notice to the witness and a hearing. Provided, however, the Court shall not enter such order if the Court finds:

"(1) that such person may be subjected to criminal prosecution relating to the same transaction or occurrence under the laws of the United States or any other state and that any such evidence so compelled could be used

against him in any such prosecution; or

"(2) such order would otherwise be clearly contrary to the public interest.

"Such person, so ordered by the Court, shall comply with the Court order. After complying, such person shall not be prosecuted or subjected to penalty or forfeiture for or on account of any transaction, matter, or thing concerning which, in accordance with the order, he gave answer or produced evidence; provided that, but for this section, such person would have been privileged to withhold the answer given or the evidence produced by him. * *."

3. The "representation" was in the form of a telephone conversation between the State and Federal prosecutors. In view of the result we reach, the force and effect of such "representation" need not be decided.

## II.

The Trial Court misconceived the scope and purpose of the Witness Immunity Statute.

■ There are two combined elements to be found under § 3508(a)(1) before the Court is prohibited thereby from compelling testimony under a grant of immunity: (1) that the witness may be subjected to a criminal prosecution, under the laws of the United States or any other State, relating to the same transaction; *and* (2) that any evidence compelled may be used against the witness in such prosecution. It is to be noted that these are joint prerequisites; that both findings are required in order to warrant a denial of immunity under § 3508(a)(1).

The Trial Court based its ruling upon the first factor only: insufficient showing of "transactional" immunity.[4] Apparently, no consideration was given by the Trial Court to the existence or non-existence of the second factor: "use and derivative use" immunity.[5] This was incorrect.

■ Under established principles of law, the Trial Court could not have correctly found that any evidence Schaffer was compelled to give could have been used against him in a Federal prosecution.

■ The Supreme Court of the United States has held that a witness compelled to testify under state immunity law has use and derivative use immunity in any federal prosecution, by virtue of the Fifth Amendment's privilege against compulsory self-incrimination. Murphy v. Waterfront Comm'n, 378 U.S. 52, 84 S.Ct. 1594, 12 L. Ed.2d 678 (1964). There, in ruling that the Fifth Amendment privilege protects state witnesses, who have been compelled to testify, against incrimination under fed-

eral as well as state law, the Court held the constitutional guaranty to be that: (84 S.Ct. at 1609)

"* * * a state witness may not be compelled to give testimony which may be incriminating under federal law unless the compelled testimony and its fruits cannot be used in any manner by federal officials in connection with a criminal prosecution against him. We conclude moreover, that in order to implement the constitutional rule and accommodate the interests of the State and Federal Government investigating and prosecuting crime, the Federal Government must be prohibited from making any such use of compelled testimony and its fruits.

* * *

"Once a defendant demonstrates that he has testified, under a state grant of immunity, to matters relating to the federal prosecution, the federal authorities have the burden of showing that their evidence is not tainted by establishing that they had an independent, legitimate source for the disputed evidence."

Very recently the United States Supreme Court dispelled any doubt as to the scope of the rule of the *Murphy* case. In Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653 (1972), the Court confirmed that immunity from use and derivative use is coextensive with the scope of the privilege against self-incrimination; that transactional immunity is not the constitutional rule; and that "immunity from use and derivative use 'leaves the witness and the Federal Government in substantially the same position as if the witness had claimed his privilege' in the absence of a grant of immunity." 92 S.Ct. at 1664.

The practical necessity for these rules in our system was well stated by Mr. Justice

---

4. "Transactional" immunity is immunity from prosecution for any offense to which the compelled testimony may relate.

5. "Use and derivative use" immunity is immunity from the use of the compelled tes-

timony and any evidence derived therefrom. See Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 1655, 32 L.Ed.2d 212 (1972).

White in his concurrence in *Murphy*: (378 U.S. at 93, 84 S.Ct. at 1611) [6]

> "* * * such a rule [of transactional immunity] would invalidate the immunity statutes of the 50 States since the States are without authority to confer immunity from federal prosecutions, and would thereby cut deeply and significantly into traditional and important areas of state authority and responsibility in our federal system. It would not only require widespread federal immunization from prosecution in federal investigatory proceedings of persons who violate state criminal laws, regardless of the wishes or needs of local law enforcement officials, but would also deny the States the power to obtain information necessary for state law enforcement and state legislation. That rule, read in conjunction with the holding in Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489 that an assertion of the privilege is all but conclusive, would mean that testimony in state investigatory proceedings, and in trials also, is on a voluntary basis only. The Federal Government would become the only law enforcement agency with effective power to compel testimony in exchange for immunity from prosecution under federal and state law. * * *."

### III.

■ Under *Murphy* and *Kastigar,* the witness Schaffer was protected by the Fifth Amendment from use against him, in any federal prosecution, of any evidence he was compelled to give in the instant case, or any fruits thereof. It follows that the Trial Court could not have correctly found the second element of § 3508(a)(1) which was prerequisite to the denial of the State's motion: that the evidence com-

pelled could have been used against Schaffer in a federal prosecution.

Accordingly, the Trial Court incorrectly denied the motion to compel the testimony under a grant of immunity.

■ This conclusion does not mean, however, that a Trial Judge lacks all discretion in the disposition of a motion to compel testimony under a grant of immunity. It will be noted that § 3508(a)(1) provides that the Court "may order" the witness to answer, thus making a ruling thereunder a matter of discretion. In the instant case, however, the ruling was made explicitly under the "shall not enter such Order" provision of § 3508(a)(1). This Opinion is limited to the misapplication of the latter provision of the Statute.

6. Compare the. plea of the prosecutor in the instant case: "The State is of the position that to ask the State to do any more than was already done would be a burden that would not even allow a practical working of the statute. To ask the State to go to each and every governmental department from which prosecution might possibly arise would be an overwhelming burden and that the best most expedient practical policy, in this case, is to get such a representation from the U. S. Attorney, which the State has done in this case."