ROBERT WARD NORMAN, Defendant, Petitioner, v. THE STATE OF DELAWARE, *ex rel.* Januar D. Bove, Jr., Attorney-General; THE HONORABLE JAMES B. CAREY, Associate Judge of the Superior Court, Respondents.

(*February* 1, 1962.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*C. W. Berl, Jr.* (of Berl, Potter and Anderson) for petitioner.

*E. Norman Veasey*, Deputy Attorney-General, for the State.

Supreme Court of the State of Delaware, No. 15, 1961.

SOUTHERLAND, C. J.:

The primary question presented by this case is whether the writ of mandamus may be used to review an order of the Superior Court refusing to quash an indictment.

The facts are these:

Petitioner Norman was arrested in California in December, 1955, for a federal crime. He was tried and convicted, and was committed to the United States Penitentiary at Fort Leavenworth, Kansas. He is still in custody, and will probably not be released until 1966, if then.

In March 1956 he was indicted by the Grand Jury of New Castle County on four charges, involving robbery, attempted robbery, and kidnapping. Detainers were lodged against Norman by the State to hold him for extradition to Delaware upon his release from Leavenworth.

On November 23, 1956, the petitioner wrote the Attorney General, stating his intention to file a motion for a speedy trial or, alternatively, a dismissal of the charges, and requesting to be informed of the earliest date on which he could de-

fend himself in court. After correspondence with the Federal Bureau of Prisons, the Attorney General's office on June 11, 1957, advised that Bureau that the State would not at that time lift the detainers or take any action in the matter.

In March of 1958 the United States Attorney General advised the Warden at Leavenworth to the effect that the federal government would make Norman available for trial in Delaware whenever the state authorities desired.

In May, 1958, Norman filed in the Superior Court a petition for a writ of *habeas corpus ad prosequendum*.

In February, 1959, Norman wrote to the Superior Court and asked for aid. The court appointed his present counsel.

In August, 1959, counsel withdrew the petition for the writ of habeas corpus and filed in September, 1959, a motion to quash all the indictments on the ground that petitioner had been denied his constitutional right to a speedy trial. After briefing and argument the Superior Court denied the motion, and a final order to that effect was entered October 5, 1960. Thereafter, in response to an inquiry from Norman's counsel, the Attorney General advised him that the State would be ready to try the defendant on the pending charges but for the conditions imposed by The Department of Justice respecting Norman's return to Delaware. (These conditions required the State to pay the expenses of Norman and the federal officers to and from Delaware and required that Norman remain at all times in the custody of the federal officers.)

On February 20, 1961, petitioner renewed his petition for a writ of *habeas corpus ad prosequendum*, and that petition is still pending and undecided.

On March 2, 1961, the present petition for mandamus was filed. In addition to answering on the merits, the State moves to dismiss.

The merits of this case, involving the petitioner's right to a speedy trial, present the problem of the relative rights of the State and of a prisoner serving a sentence in a federal penitentiary. See 118 *A. L. R.* 1046. We do not reach the question, because we are of opinion that the State's motion to dismiss must be granted.

Our general jurisdiction to review Superior Court proceedings in criminal cases is conferred by Article IV, Section 11, of the Constitution. This appellate jurisdiction is limited to cases in which a sentence of specified severity has been pronounced, *i.e.*, to final judgments. Our Constitution was recently amended to confer upon this Court jurisdiction to entertain appeals from interlocutory judgments in the Superior Court in civil cases. See the Act of March 23, 1960, 52 *Laws*, c. 240, § 1. Significantly, the section dealing with appeals in criminal causes was not so amended. The present proceeding is therefore an attempt to use the writ of mandamus as a means of reviewing an interlocutory ruling. This we cannot permit. To allow this writ would be to open the door to review many other interlocutory rulings in criminal cases and thus circumvent the constitutional limitation.

"The writ of mandamus cannot be issued to compel the court below to decide a matter before it in a particular way, or to review its judicial action had in the exercise of legitimate jurisdiction. The writ cannot be used to perform the office of an appeal or writ of error, even if no appeal or writ of error, is given by law. *American Const. Co. v. Jacksonville Ry. Co.,* 148 *U. S.* 372, 379, 13 *Sup. Ct.* 758 [37 *L. Ed.* 486]." Per Chief Justice Fuller in *In re Rice,* 155 *U. S.* 396, 15 *S. Ct.* 149, 152, 39 *L. Ed.* 198.

This principle has been more recently reaffirmed in *Roche v. Evaporated Milk Ass'n,* 319 *U. S.* 21, 63 *S. Ct.* 938, 87 *L. Ed.* 1185, involving an attempt to use mandamus to review

an interlocutory ruling in a criminal case. Chief Justice Stone said:

"Where the appeal statutes establish the conditions of appellate review an appellate court cannot rightly exercise its discretion to issue a writ whose only effect would be to avoid those conditions and thwart the Congressional policy against piecemeal appeals in criminal cases." 63 *S. Ct.* 943-944.

This rule is applicable here. Prompt review of interlocutory rulings in criminal cases might in some cases be desirable, but our basic constitutional policy is against it, no doubt because of the importance to the public of speedy law enforcement. For example, the procedure here urged upon us would permit the review in criminal cases of rulings on motions to suppress evidence. This highly undesirable result actually arose under a former statutory provision, upon which we made adverse comment in *Sibbley v. State*, 9 *Terry* 289, 48 *Del.* 289, 102 *A.* 2d 702. That statute was subsequently repealed.

Petitioner, recognizing the force of this consideration, attempts to distinguish the present case from other cases of interlocutory rulings, but we think unsuccessfully.

Petitioner also points to the use of the writ of prohibition in certain criminal cases. *Bennethum v. Superior Court*, Del., 153, *A.* 2d 200. The writ is available only when a question of jurisdiction is presented. Its use in such a case affords no precedent for the present proceeding.

It is of interest to note here that a similar attempt to expand the use of the writ of mandamus to review a procedural order in chancery has been recently made and that we have refused to sanction it. See *Williams v. Marvel*, *Del. Ch.*, 158 *A.* 2d 486.

It follows that the petition must be dismissed.