EDDIE A. HUNTER, Defendant Below, Appellant, v. THE STATE OF DELAWARE, Plaintiff Below, Appellee.

(*April* 27, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*ROGER A. HINES,* for appellant.

*EDWARD J. SOBOLEWSKI, JR.,* Deputy Atty. Gen., for the State.

Supreme Court of the State of Delaware, No. 79,1964.

PER CURIAM.

This is a consolidated appeal from convictions for burglary upon three indicments. One indictment was tried separately and the remaining two indictments were tried together.

The appeals were docketed, briefed and argued, and when this Court came to consider the disposition of the appeals an examination of the record by the members of the Court disclosed that the defendant sought to appeal from judgments of conviction and denials of motions

for judgments of acquittal. It further appeared that the defendant was never sentenced upon any of the convictions. The most that appears in this respect is that on September 23, 1964 a pre-sentence investigation was ordered by the trial judge. Before any further action could be taken by the trial judge the defendant appealed.

Our jurisdiction to review proceedings in criminal cases is pursuant to Article IV, Section 11 (1) (b) of the Constitution, *Del.C.* which authorizes us "[t]o receive appeals from the Superior Court in criminal causes, * * * in all cases in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars, * * *."

It is thus apparent that the jurisdiction of this court over criminal appeals results only after the imposition of a sentence pursuant to a conviction. Specifically, this Court cannot hear appeals seeking review of interlocutory judgments in criminal causes. *Norman v. State ex rel.* Bove, Del., 177 A. 2d 347.

Since there has been no sentence imposed upon the defendant, we are without jurisdiction to entertain his appeals. We are at a loss to know why the State did not move for a dismissal of the appeals, but since it did not, we on our own motion will enter an order remanding the causes for sentencing.