STATE of Delaware, Plaintiff Below, Appellant,

v.

Steve ROBERTS et al., Defendants Below, Appellees.

Supreme Court of Delaware.

Sept. 13, 1971.

Petition for Reargument Denied Oct. 8, 1971.

Richard R. Wier, Jr., State Prosecutor, and Kent Walker, Deputy Atty. Gen., Wilmington, for plaintiff below, appellant.

Alfred J. Lindh, Wilmington, for Steve Roberts, William Rylander and Joan Rockwood, defendants below, appellees.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting. ····

HERRMANN, Justice (for the Majority of the Court):

We are called upon to decide the constitutionality of the portion of 10 Del.C. § 9903 [1] that permits an interlocutory appeal by the State, upon leave granted, from a pre-trial order "suppressing or excluding substantial and material evidence."

The defendants were charged with possession of dangerous drugs, possession with intent to sell, and maintenance of a place for the illegal keeping and selling of dangerous drugs, in violation of 16 Del.C. §§ 4722, 4724, and 4710. The arrests followed the search of residences of certain of the defendants in execution of a search warrant and the seizure of a quantity of drugs thereunder. The defendants filed in the Superior Court a pre-trial motion to suppress the use as evidence of the items seized. The Superior Court granted the pretrial motion; whereupon the State halted the proceedings in the Superior Court and applied to this Court for leave to appeal the interlocutory order under § 9903. Leave

---

1. 10 Del.C. § 9903, enacted in 1969, provides:

"§ 9903. Appeal in the discretion of the appellate court

"The State may apply to the appellate court to permit an appeal to determine a substantial question of law or procedure, and the appellate court may permit the appeal in its absolute discretion. The appellate court shall have the power to adopt rules governing the allowance of the appeal; but, in no event shall the decision or result of the appeal affect the rights of the defendant and he shall not be obligated to defend the appeal, but the Court may require the Public Defender of this State to defend the appeal and to argue the cause; *provided, however, that if the order appealed from is an order suppressing or excluding substantial and material evidence the Court may permit an interlocutory appeal of any pretrial order, and if the order suppressing such evidence is reversed, the defendant may be subjected to a trial.*" (Emphasis supplied.)

was granted, the appeal was filed, and this motion to dismiss the appeal followed.

■ The defendants contend, *inter alia,* that the portion of § 9903 providing for an appeal from a pre-trial interlocutory order is invalid for the reason that it is violative of the Delaware Constitution. We agree.

Article 4, § 11(1) (b) of the Delaware Constitution, Del.C.Ann., provides that this Court shall have jurisdiction to receive appeals from the Superior Court:

"* * * in criminal causes, upon application of the accused in all cases in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars, and in such other cases as shall be provided by law; *and to determine finally all matters of appeal on the judgments and proceedings of said Superior Court in criminal causes. * * *."*

This Court has repeatedly held that, under Del.Const., Art. 4, § 11(1) (b) the jurisdiction of this Court in criminal cases is limited to the review of final judgments; that, consequently, interlocutory appeals are not within the jurisdiction of this Court. E. g., Norman v. State, Del.Supr., 4 Storey 395, 177 A.2d 347, 349 (1962); Hunter v. State, Del.Supr., 209 A.2d 469, 470 (1965); Hodsdon v. Superior Court, Del.Supr., 239 A.2d 222, 224 (1968); In re Dean, Del.Supr., 251 A.2d 347, 348 (1969); Steigler v. Superior Court, Del.Supr., 252 A.2d 300, 302–303 (1969); Harris v. Municipal Court, Del. Supr., 256 A.2d 674, 675 (1969); see also Proceedings of the Delaware Constitutional Convention of 1897, pp. 960–977, 1772–1784.

The basic constitutional policy of this State has been against interlocutory appeals in criminal cases. In the *Norman* case, Chief Justice Southerland stated:

"* * * Prompt review of interlocutory rulings in criminal cases might in some cases be desirable, but our basic constitutional policy is against it, no doubt because of the importance to the public of speedy law enforcement. For example, the procedure here urged upon us would permit the review in criminal cases of rulings on motions to suppress evidence. This highly undesirable result actually arose under a former statutory provision * * *." 177 A.2d at 349.

There has been *no relevant constitutional* change since the foregoing statement of our established constitutional policy.

The State contends that a constitutional basis for the interlocutory appeal provision of § 9903 may be found in the § 11(1) (b) words vesting in this Court criminal appeal jurisdiction in "such other cases as shall be provided by law." There is no merit in this contention; clearly, those words relate solely to the subject of the sentence: appeals "upon application of the accused."

It is also suggested that a constitutional basis for the interlocutory appeal provision of § 9903 may be found in the language of § 11(1) (b) granting to this Court jurisdiction "to determine finally all matters of appeal on the judgments and proceedings of said *Superior Court in criminal causes."* That point, too, is untenable. This State's constitutional policy against interlocutory appeals, expressed in the *Norman* case, applies equally to all portions of Art. 4, § 11 (1) (b), the portion following the semicolon as well as that preceding it. Any doubt as to the meaning and scope of § 11(1) (b) in this regard is resolved by the 1960 constitutional amendment to § 11(1) (a) which governs appeals from the Superior Court to this Court in civil cases. Prior to the amendment, § 11(1) (a) provided that this Court shall have jurisdiction:

"To issue writs of error in civil causes to the Superior Court and to determine finally all matter in error in the judgments and proceedings of said Superior Court in civil causes."

By the 1960 Amendment, § 11(1) (a) was changed to provide that this Court shall have jurisdiction:

"To receive appeals from the Superior Court in civil causes and to determine finally all matters of appeal in the *interlocutory or final* judgments and *other* proceedings of said Superior Court in civil causes: Provided that on appeal from a verdict of a jury, the findings of the jury, if supported by evidence, shall be conclusive." (Emphasis supplied.)

It will be noted that in amending § 11(1) (a), the words "interlocutory or final" were inserted before the word "judgments", thus giving this Court jurisdiction to hear and decide interlocutory appeals from the Superior Court in civil cases as in appeals from the Court of Chancery.[2] But no similar change was made in § 11(1) (b) relative to appeals in criminal cases. While the draftsmen of the 1960 constitutional amendments made other changes in § 11(1) (b), they did not modify the word "judgments" therein, by inserting the words "interlocutory or final", as was done in § 11(1) (a). This change of the Constitution to permit interlocutory appeals in civil cases, without a similar change for criminal cases, was noted by this Court in *Norman*:

" * * * Our Constitution was recently amended to confer upon this Court jurisdiction to entertain appeals from interlocutory judgments in the Superior Court in civil cases. * * *. Significantly, the section dealing with appeals in criminal causes was not so amended. * *." 177 A.2d at 349.

This constitutional history can lead to only one reasonable conclusion: § 11(1) (b) continued to permit appeals from final judgments only in criminal cases, as theretofore.

The other constitutional basis upon which the interlocutory appeal provision of § 9903 is said to rest is Art. 4, § 11(8) which provides that this Court shall have authority:

"(8) To exercise such other jurisdiction by way of appeal, writ of error or of certiorari as the General Assembly may from time to time confer upon it."

The interlocutory appeal provisions of § 9903 are not validated by Art. 4, § 11(8). There can be no constitutional authority in Art. 4, § 11(8) for a statute which violates Art. 4, § 11(1). Cardinal are the rules that the Constitution and each part thereof must be harmonized and construed as a whole; that it cannot be presumed that any clause of the Constitution is intended to be without full force and effect. The controlling precepts are stated in Opinion of the Justices, Del.Supr., 225 A.2d 481, 484 (1966) as follows:

"The applicable rules of construction require that effect be given, if possible, to the whole Constitution and to every word thereof. If different portions of the Constitution seem to conflict, they must be harmonized if possible. That construction must be favored which will render every word of the instrument operative; and that construction must be avoided which would make any provision idle and nugatory. Every provision of the Constitution must be construed, whenever possible, to give effect to every other provision. Otherwise stated, whenever avoidable, no constitutional provision should be so construed as to nullify, or substantially impair, any other constitutional provision or to produce an irrational result."

It follows that § 11(8) may not be read to render § 11(1) (b) nugatory; that § 11(8) must be construed to supplement § 11(1)

2. Del.Const. Art. 4, § 11(4) provides that this Court shall have jurisdiction "To receive appeals from the Court of Chancery and to determine finally all matters of appeal in the *interlocutory or final* decrees and *other* proceedings in chancery." (Emphasis supplied.)

(b), not to abridge it. As so construed, we hold that § 11(8), despite its broad and sweeping language, merely provides that this Court may have and exercise such jurisdiction as is conferred upon it by the General Assembly which is not inconsistent with constitutional limitations explicitly or implicitly imposed by other provisions of the Constitution, including § 11(1) (b). This limitation upon the language of § 11 (8) is necessarily implicit; any other construction would have the effect of an open-door permitting the General Assembly to override, via § 11(8), the constitutional limitations of jurisdiction imposed by other portions of § 11. Such construction and effect is impermissible, in our opinion, under fundamental concepts of constitutional law.

The State relies upon Commonwealth v. Bosurgi, 411 Pa. 56, 190 A.2d 304 (1963) in which it was held that the grant of a motion to suppress has such "attribute of finality" as to warrant a right of appeal by the Commonwealth. Our decisions do not permit such construction of a "final judgment" appealable in a criminal case. Only a judgment of conviction or a judgment of acquittal meets the degree of finality required by our law.

█ Accordingly, we hold unconstitutional and invalid the proviso at the end of § 9903 dealing with interlocutory appeals from orders suppressing evidence. We consider that proviso separable, however, from the remainder of 10 Del.C. Ch. 99; therefore, we expressly limit the ruling herein to the proviso to which it is addressed. This leaves unaffected the portions of § 9903 which are unrelated to interlocutory appeals. The primary purpose of § 9903 "is to afford to the State the opportunity to have reviewed by this Court adverse rulings of law made by lower courts—not for the purpose of having an appellate decision in the specific case in which the question arose, but for the purpose of having the question finally decided for future cases—all with due regard for the double jeopardy guaranty." State v. Clark, Del.Supr., 270 A.2d 371, 372 (1970). That purpose is not thwarted by this invalidation of the proviso at the end of § 9903.

The appeal must be dismissed.

WOLCOTT, Chief Justice (dissenting):

I cannot agree with the majority of the Court that Art. 4, § 11(1) (b) imposes a limitation on the authority conferred upon the General Assembly by Art. 4, § 11(8) to confer upon this Court additional appellate jurisdiction in criminal matters. I point out that Art. 4, § 11(1) (b) is limited in application to appeals by the accused. 10 Del.C. Ch. 99, enacted pursuant to Art. 4, § 11(8), however, is not concerned with appeals by the accused but only with appeals by the State. The two are completely unrelated. As such I think neither acts as a limitation on the other.

If it be argued that 10 Del.C. Ch. 99 denies an accused a similar right of appeal granted the State, i. e. the right of review of pre-trial motions to suppress evidence, I agree with the statement of Commonwealth v. Bosurgi, 411 Pa. 56, 190 A.2d 304 (1963).

In my judgment the majority has held unconstitutional a portion of 10 Del.C. Ch. 99 by reason of an unrelated and irrelevant other provision of the Constitution. I agree that constitutional provisions should be construed to harmonize if possible, but in the appeal before us there is no necessity to harmonize because Art. 4, § 11(1) (b) and Art. 4, § 11(8) are unrelated.

I would refuse to dismiss the appeal.