Harry P. RASH and Barbara Ann Jones, Defendants Below, Appellants,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

March 27, 1974.

Victor F. Battaglia and G. Thomas Sandbach, of Biggs & Battaglia, Wilmington, for appellants.

Jeffrey M. Weiner, Deputy Atty. Gen., for the State.

HERRMANN, C. J., and CAREY and DUFFY, JJ., sitting.

DUFFY, Justice:

This appeal brings up for review a disposition under 16 Del.C. § 4764 by the Superior Court in a criminal prosecution.

I

Defendants were charged with a violation of 16 Del.C. § 4722 in that they unlawfully had possession of a dangerous drug (marijuana). A jury returned verdicts against both defendants, who seek to argue in this Court that the evidence produced at trial was not sufficient to support the verdicts. The State has moved to dismiss the appeal on the ground that a final judgment within the meaning of Article 4, § 11 of the Constitution, Del.C.Ann., is not presented for review.[1] In our opinion, the ruling on that motion is dispositive of the appeal.

1. Art. 4, § 11 provides that the Supreme Court shall have jurisdiction:

"(1)(b) To receive appeals from the Superior Court in criminal causes, upon application of the accused in all cases in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars, and in such other cases as shall be provided by law; and to determine finally all matters of appeal on the judgments and proceedings of said Superior Court in criminal causes . . . . "

## II

■ Under settled Delaware constitutional law only a final judgment in a criminal case is reviewable in this Court. State v. Roberts, Del.Supr., 282 A.2d 603 (1971); Stiegler v. Superior Court, Del.Supr., 252 A.2d 300 (1969); In re Dean, Del.Supr., 251 A.2d 347 (1969); Norman v. State, Del.Supr., 4 Storey 395, 177 A.2d 347 (1962); Sibbley v. State, Del.Supr., 9 Terry 289, 102 A.2d 702 (1954). In other words, an interlocutory appeal in a criminal case is not within our jurisdiction. Hodsdon v. Superior Court, Del.Supr., 239 A.2d 222 (1968); Hunter v. State, Del. Supr., 209 A.2d 469 (1965). These are the constitutional requirements defined and applied time and again by decisions of our Courts.

## III

We turn now to 16 Del.C. § 4764 which states:

"Conditional discharge for possession as first offense.

Whenever any person who has not previously been convicted of any offense under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marijuana, or stimulant, depressant, hallucinogenic drugs or other controlled substances pleads guilty to or is found guilty of possession of a controlled substance under § 4753 or 4754, the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him, and shall simultaneously with said discharge and dismissal submit to the attorney general of the State a written report specifying the name of the person and the nature of the proceedings against him, which report shall be retained by the attorney general for further proceedings, if required. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for 2nd or subsequent convictions under § 4763. There may be only 1 discharge and dismissal under this section with respect to any person."

These terms are unique in our law [2] and their purpose is salutary: to give a first offender found guilty of possession of a narcotic drug an opportunity to have that finding removed as effectively as the law can, if he abides by the terms of probation during a specified period. It is, in short, a "second-chance" statute operating in a context where young lives are often ruined by a first offense. And we judicially notice the very troublesome problem our society is experiencing in dealing with drug offenses.

Defendants concede the high purpose of the statute but argue that they should not be put to a Hobson's choice in order to benefit from it; specifically, they say they should not be required to give up a right to appeal in order to get the advantage of the statute. Upon cursory examination there seems to be merit to this contention, particularly because of the general desirability of prompt review in any case. But closer analysis persuades us that the argument is without merit.

First, it is quite clear (and defendants do not argue to the contrary) that § 4764 may be invoked only "with the consent of

---

**2.** Compare 11 Del.C. § 4332(f) which in general terms permits a court after conviction to place defendant on probation with a direction "[to] appear and receive sentence when called upon."

the accused." A defendant has, therefore, at all times an election as to whether he wants to be dealt with under the statute (if the Court approves) or sentenced in the usual manner (following a conviction). Clearly, the statute may not be imposed upon a defendant against his will.

Second, a waiver of appeal is not involved. The right to appeal is simply deferred and, as indicated above, the deferral period is under defendant's control. Specifically, if the procedure established by the statute is set in motion and thereafter a defendant violates probation, he will then be sentenced and at that time an appeal is available to him. And if the conditions of probation are not abused and a judgment of guilt is never entered, then any appeal would be rendered nugatory. (The proceedings are dismissed without adjudication of guilt.)

Defendants rely principally upon two decisions, neither of which, in our view, is persuasive here.

In Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497, (1943) the Supreme Court considered whether an order suspending the imposition of sentence was a final, appealable order within the purview of a statute, 28 U.S.C. § 225, granting to a Circuit Court of Appeals "jurisdiction to review by appeal final decisions" of the District Court. After discussing Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937) (which held that an appeal was proper where sentence was imposed but suspended and defendant was placed on probation), the Court concluded that for appeal purposes a judgment was final when the imposition of sentence itself was suspended and defendant was subjected to probation. But in Korematsu both the appeal statute and the Federal probation law under which the Trial Court acted were general. Certainly the latter did not include the special provisions contained in § 4764 and, as to appellate review, there is no indication of a strong Federal policy against interlocutory

appeals similar to that required by the Delaware Constitution.

Frabizzio v. State, Del.Super., 5 Del.Super. 395, 59 A.2d 452 (1948) is also cited by defendants but we find it inapposite. That case held that a grant of probation under § 4319(4) of the Revised Code of 1935 was invalid where the Court also imposed a fine because the latter constituted a sentence comparable to a term of imprisonment. Payment of the fine, the Court held, was a final judgment which exhausted its power, thus making probation a nullity. Here, the statute provides that "the court, *without entering a judgment* . . . may defer further proceedings and place . . . [defendant] on probation upon terms and conditions" (emphasis supplied). Thus, by the very terms of § 4764 the Court cannot utilize its provisions when judgment is entered. Since a judgment was in fact entered in *Frabizzio*, its principles are inapplicable here.

We are of the opinion that a disposition under § 4764 is not a final judgment which supports an appeal to this Court. It is manifest that any other view of the statute would mean that a defendant could, in effect, take an interlocutory appeal contrary to the constitutional mandate.

Because this is a case of first impression, we take the occasion to state guidelines for the proper application of 16 Del.C. § 4764. When a defendant is subject to probation under its provisions, any entry of judgment on a verdict, plea or other similar adjudication must be deferred until such time as it may (if ever) become appropriate under the statutory provisions. The Court should not assess costs or other monetary penalties against a defendant which might be construed as a fine and thus a sentence. Any action in this regard should be deferred until formal sentencing (should that occur). Finally, since action taken under § 4764 is not a sentence but a form of judicial administrative processing, reference by the Court to its action as "sentencing" should be avoided.

The State's motion to dismiss the appeal is granted, but, because the Court below directed defendants to pay the costs of the prosecution, we remand with instruction to modify the order and the record below in a way consistent with this opinion.