STATE of Delaware, Plaintiff,

v.

John A. COOLEY, Defendant.

Superior Court of Delaware, New Castle County.

Submitted: May 25, 1983.
Decided: July 22, 1983.

Charles M. Oberly, III, Atty. Gen., and Robert J. Prettyman, Deputy Atty. Gen., Wilmington, for the State.

John E. Babiarz, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant.

BIFFERATO, Judge.

This case is before the Court on a motion to dismiss filed by the defendant, John A. Cooley, after he was reindicted on February 15, 1983 for criminally negligent homicide.

The pertinent facts are as follows:

August 19, 1980, the defendant was involved in an automobile accident in which the driver of the other car was killed. After an initial interrogation at the scene of the accident by the investigating officer, the defendant was taken to Troop 6 by two witnesses. He was arrested there on the charge of driving under the influence of alcohol. An Omicron intoxilyzer test was administered and later he was arrested on a charge of criminally negligent homicide.

Because of the grounds on which the defendant has based his motion, it is necessary to recount the previous procedural history of this case in considerable detail.

On September 16, 1980, the defendant was indicted on the charge of criminally negligent homicide pursuant to 11 *Del.C.* § 631. Shortly thereafter, he made a motion to suppress evidence—the result of the intoxilyzer test. A hearing on this motion was held in Superior Court in late October. On November 3, 1980, the Court denied defendant's motion but ordered another hearing for presentation of evidence on probable cause to arrest the defendant for driving under the influence (DUI). *State v. Cooley,* Del.Super., Cr.A. No. 80–09–0155, Taylor, J. (Nov. 3, 1980). That hearing was held on November 10, 1980 and the Court again denied the defendant's motion but expressed concern about the question of communication between the investigating officer and the arresting officer.

On November 20, 1980, the defendant moved for reargument asserting that the arrest for DUI was an unlawful arrest for a misdemeanor under either 11 *Del.C.* § 1904 or 21 *Del.C.* § 701. The Court granted the motion for reargument and, on December 4, 1980, after a hearing, granted the defendant's motion to suppress the evidence based on the Court's conclusion that the arresting

officer did not have probable cause for the warrantless arrest of the defendant for the misdemeanor and thus could not pursue an intoxilyzer test involving the defendant. *State v. Cooley,* Del.Super., Cr.A. No. 80–09–0155, Taylor, J. (Dec. 4, 1980), *reversed on other grounds,* Del.Supr., 445 A.2d 338 (1981).

On January 8, 1981, the State advised the defendant that it intended to pursue an appeal under 10 *Del.C.* § 9902. Consequently, the trial scheduled for January 26, 1981 was continued.

Pursuant to 10 *Del.C.* § 9902(b), the State filed a certification on February 5, 1981 that the suppressed evidence was essential to the prosecution of this case. On February 18, 1981, upon consideration of this certification by the State, the Court ordered the dismissal of the action.

On February 27, 1981, pursuant to § 9902(c), the State filed a notice of appeal to the Supreme Court. Shortly thereafter, the defendant filed a motion to dismiss this appeal on the basis that it was untimely filed. After briefing and oral argument on the defendant's motion, the Supreme Court denied the motion holding that the statutory filing period commenced with the date of the entry of the order of dismissal, and not the suppression order, since only the dismissal order was a final order and thus appealable. *State v. Cooley,* Del.Supr., 430 A.2d 789, 791 (1981). Therefore, the State was free to pursue its appeal.

After briefing and oral argument on the State's appeal, the Supreme Court reversed and remanded the case for the purpose of allowing the State to present evidence of probable cause to arrest the defendant on the felony charge of criminally negligent homicide before the intoxilyzer test was administered. *State v. Cooley,* Del.Supr., 445 A.2d 338, (1981).

On December 22, 1981, at a hearing on the remand to Superior Court, the State conceded that it did not have sufficient evidence to establish probable cause to arrest the defendant for the felony prior to the administration of the test. However, since the defendant had moved for dismissal and the State had asserted another theory in support of the issue of admissibility of the test result, the Court requested briefing on these issues.

On April 29, 1982 the Court again granted the defendant's motion to suppress the result of the intoxilyzer test since the State had failed to sustain its burden of proof that there was probable cause to arrest the defendant for criminally negligent homicide before administering the test. *State v. Cooley,* Del.Super., Cr.A. No. 80–09–0155, Taylor, J. (Apr. 29, 1982), *aff'd,* Del.Supr., 457 A.2d 352 (1983). However, the Court denied defendant's motion to dismiss based on Superior Court Criminal Rule 48(b), finding that the delay resulting from the State's appeal and the remand was not an unnecessary delay.

After being informed that the State intended to proceed to trial, the defendant, on May 5, 1982, again filed a motion to dismiss. Letter Memoranda were filed by both the State and the defendant in response to this motion, but before briefing was completed, the State again decided to appeal. Consequently, pursuant to 10 *Del.C.* § 9902(b), the State again certified that the suppressed evidence was essential to the prosecution's case and, based upon this certification by the State, the Court on June 7, 1983 ordered the action be dismissed.

The State again pursued its right to appeal under 10 *Del.C.* § 9902(c) by satisfying the requirements of § 9902(b). After briefing and oral argument on February 7, 1983, the Supreme Court affirmed the suppression order and dismissal.[1] *State v. Cooley,* Del.Supr., 457 A.2d 352 (1983).

This brings us to the reindictment of the defendant on February 15, 1983 on the

---

1. A cross-appeal by the defendant was dismissed because of lack of jurisdiction to enter-  tain such an appeal under 10 *Del.C.* § 9902.

same felony charge and the defendant's present motion to dismiss.

The defendant has raised three separate grounds in support of his motion to dismiss. They are:

1) that there is insufficient evidence to support the charge since the State has twice certified to this court that the suppressed evidence is essential to the prosecution of the case, and that the suppression order was affirmed by the Supreme Court;

2) that the reprosecution is barred by 11 *Del.C.* § 207, since the previous prosecution for the same offense was dismissed by this court based on the State's certification that essential evidence had been suppressed; and

3) that the State has unnecessarily delayed in bringing the defendant to trial in violation of Superior Court Criminal Rule 48(b).

It is evident that the defendant's first two arguments depend on the interpretation of the subsections of the Delaware Criminal Appeals Statute applicable to pretrial suppression orders, 10 *Del.C.* § 9902(b) and (c). In order to avoid unnecessary duplication, the interpretation of these subsections will be discussed in full in response to the defendant's first argument.

## I.

The defendant's first argument focuses initially on 10 *Del.C.* § 9902(b) which provides the following:

(b) When any order is entered before trial in any court suppressing or excluding substantial and material evidence, the court, upon certification by the Attorney General that the evidence is essential to the prosecution of the case, shall dismiss the complaint, indictment or information or any count thereof to the proof of which the evidence suppressed or excluded is essential. Upon ordering the complaint, indictment or information or any count thereof dismissed pursuant to the Attorney General's certification, the reasons of the dismissal shall be set forth in the order entered upon the record.

The defendant maintains, and this Court agrees, that this statute sets out two requirements which must be satisfied before the State may appeal a pretrial suppression order under § 9902(c). They are:

1) that the State must certify to the court that the suppressed evidence is essential to the prosecution of the case; and

2) that the court, acting upon the State's certification that such evidence is essential, must dismiss the action.

Until these two requirements are met, the State has no absolute right of appeal of a pretrial suppression order under § 9902(c).[2] There is no argument here that the State did not certify to the Court, in fact twice, that the suppressed evidence was essential to the prosecution of the case, nor that the Court, based upon the State's certifications, dismissed the action twice. The area of contention is what effect these certifications by the State have on reprosecution for the same charge when the State ultimately lost on appeal.

The defendant contends that these certifications are binding as judicial admissions by the State that without the suppressed evidence, there is insufficient evidence to proceed with the reprosecution. The State disputes this and offers two major arguments made in the alternative. First, the State contends that when it made these certifications it believed that "essential" as used in § 9902(b) meant "substantial and material evidence" and thus it was free to reprosecute even if its appeal was unsuccessful. Second, if the State had misinterpreted the meaning of essential, then this was a good faith error and it should not

---

**2.** 10 *Del.C.* § 9902(c) provides that:

"(c) The State shall have an absolute right of appeal to an appellate court from an order entered pursuant to subsection (b) of this section and if the appellate court upon review of the order suppressing evidence shall reverse the dismissal, the defendant may be subjected to trial."

be bound since the Court has the discretionary power to relieve it of the effect of such admissions. *English Freight Co. v. Preston,* Tex.Civ.App., 203 S.W.2d 657, 659 (1947); 31 A.C.J.S. *Evidence* § 299 (1964).

In order to fully address these opposing arguments, it is necessary to establish a proper perspective by examining the history of the Delaware Criminal Appeals Statute, 10 *Del.C.* §§ 9901 et seq., concentrating especially on the subsections applicable to pretrial suppression orders.

The Delaware statute, originally passed in 1969, was taken from the then-existing Federal Act which permitted appeals in criminal cases. *State v. Cooley,* Del.Supr., 457 A.2d 352, 356 (1983); *State v. Dobies,* Del.Supr., 290 A.2d 663, 665 (1972); *State v. Fischer,* Del.Supr., 278 A.2d 324, 325 (1971). However, both the Delaware statute of 1969, 57 Del.Laws, ch. 133 (1969), and the Federal Act, 18 U.S.C.A. § 3731, have since been substantially amended as to how they apply to appeals of suppression orders.

The current Federal Criminal Appeals Act, 18 U.S.C.A. § 3731 (Supp.Pamphlet 1962–82)[3] sets forth several specific conditions which must be met by the government before it can appeal a suppression order. These conditions are:

1) that the defendant may not be put in jeopardy;

2) that the United States attorney must certify to the court that the appeal is (a) not taken for the purpose of delay, and (b) that the suppressed evidence is "a substantial proof of a fact material in the proceeding."

*See United States v. Booth,* 669 F.2d 1231 (C.A.Or.1981).

Obviously, these conditions are not the same as those required by 10 *Del.C.* § 9902(b). *See supra* p. 821. The primary reason for this disparity is that the United States has no constitutional impediment prohibiting interlocutory appeals in criminal cases as does Delaware.

The current § 9902(b) and (c) was passed as a direct result of the Delaware Supreme Court's ruling that 10 *Del.C.* § 9903, the original section applicable to pretrial suppression orders, was unconstitutional because it permitted interlocutory appeals in criminal cases. *State v. Roberts,* Del.Supr., 282 A.2d 603 (1971). As that Court noted, in criminal cases the Delaware Constitution, Art. IV, § 11(1)(b) restricts the jurisdiction of the Supreme Court to the review of final judgments.[4] *Id.* at 605. *See also Rash v. State,* Del.Supr., 318 A.2d 603, 604 (1974); *Norman v. State,* Del.Supr., 177 A.2d 347, 349 (1962). Consequently, the Supreme Court does not have the jurisdiction to hear and decide interlocutory appeals, e.g., pretrial suppression orders. The Supreme Court concluded that "[o]nly a judgment of conviction or a judgment of acquittal meets the degree of finality required by our law." *State v. Roberts,* 282 A.2d at 607.

In 1972, the Legislature passed the current statute, 10 *Del.C.* § 9902(b) and (c), which was designed to obtain that requisite measure of finality so that appeals of pretrial suppression orders might be constitutionally pursued by the State. By requiring the State's certification and the consequent order of dismissal based on the certification, the Legislature, in effect, forces the State to decide whether or not it can proceed without the suppressed evidence. Only if the State decides that that evidence is es-

**3.** The part of 18 U.S.C.A. § 3731 applicable to suppression orders in 1969 is as follows:

An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts [sic] suppressing or excluding evidence ... not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is

a substantial proof of a fact material in the proceeding.

**4.** In *Norman v. State,* 177 A.2d at 349, the court noted that it was significant that when the Legislature amended § 11(1)(a) of the Delaware Constitution to permit interlocutory appeals from the Superior Court in civil cases, it did not similarly amend § 11(1)(b) for criminal cases.

sential, may it make the certification which is necessary for § 9902(b) to be satisfied. Then the Court satisfies the last requirement of the statute by its order of dismissal, the necessary "final judgment," the appealable order. *State v. Cooley,* Del.Supr., 430 A.2d 789, 791 (1981).

With this legislative history in mind, the Court now returns to the defendant's contention as to the effect of the certification required by § 9902(b) on subsequent prosecution on the same charge when the State has been unsuccessful on appeal.

The defendant's position is that these certifications by the State are binding judicial admissions that the suppressed evidence is essential to the prosecution of the case. He argues that since the suppression order has been affirmed by the Supreme Court, the State cannot now assert a contrary position and be allowed to proceed with a reprosecution based on its present assertion that the suppressed evidence is not essential. *Bruce E.M. v. Dorothea A.M.,* Del.Supr., 455 A.2d 866 (1983); *Tops Apparel Manufacturing Co., Inc. v. Rothman,* Pa.Supr., 430 Pa. 583, 244 A.2d 436, 438 (1968); *Condas v. Condas,* Utah Supr., 618 P.2d 491, 496 (1980).

In opposition to this position, the State makes two primary arguments which, as noted earlier, are in the alternative.

First, the State contends that the Legislature in using the words "substantial and material evidence" in the first part of § 9902(b) really meant to use this same "lengthy and linguistically awkward phrase" (State's Answering Brief, p. 8) but instead used the shorthand term "essential." Thus the State claims that it interpreted "essential" to mean "substantial and material evidence" when it made the certifications in this case.

The only support the State offers for this novel interpretation of "essential" is the fact that the Delaware statute was based upon the Federal Criminal Appeals Statute, 18 U.S.C.A. § 3731 (Supp.Pamphlet 1962–82), i.e., the current Federal statute. As previously noted, 10 *Del.C.* § 9902(b) was *not* modeled on the current Federal law.

*See supra* pp. 821, 822. Additionally, the State claims that the Federal statute speaks in the same terms, i.e., "substantial and material evidence." Again, the State is in error. The Federal statute does *not* use this phrase although it uses a similar one. *See supra* note 3 at p. 822. The State then concludes that since the Federal Act permits the government to proceed when the suppression order is affirmed on appeal, the same should be the case in Delaware.

It is evident that the State's reliance on the Federal statute as it relates to appeals of pretrial suppression orders is totally misplaced. Consequently, its whole argument is without merit.

As to the meaning of the word "essential" as used in § 9902(b), this Court concludes that it should be construed according to its commonly accepted meaning since it is not statutorily defined and there is no evidence that the Legislature intended a contrary meaning. *Bailey v. State,* Del. Supr., 450 A.2d 400, 402 (1982); *Balma v. Tidewater Oil Co.,* Del.Supr., 214 A.2d 560, 562 (1965); *McGinnes v. Department of Finance,* Del.Ch., 377 A.2d 16, 20 (1977). Therefore, the word "essential" means "absolutely necessary; indispensable ...; a basic ... element ...." *The Random House College Dictionary* 451 (rev.ed.1975); *see also Black's Law Dictionary* 642 (4th ed. 1968).

This interpretation is consistent with the purpose of § 9902(b) which sets the requirements necessary to change a pretrial suppression order, an interlocutory order, into an appealable final judgment. The State's interpretation would not lead to the same result since an appeal on the basis that the suppressed evidence is only "substantial and material," and therefore that the State could proceed without it, is the appeal of an interlocutory order which is constitutionally prohibited.

However, the State contends that even if the order were not a final order, it would still be appealable under Art. IV, § 11(8) of the Delaware Constitution. What the State

has failed to acknowledge is the fact that this argument was rejected by the Delaware Supreme Court in *State v. Roberts,* 282 A.2d at 606–07, notwithstanding the dissent to the contrary.

For these reasons, this Court concludes that the State's first argument must fail. It is now necessary to address its alternative argument that the certifications were based on its misinterpretation of the meaning of essential, and that this was a good faith error. Based on these contentions, the State asks this Court to exercise its discretionary power to relieve it of the effect of these judicial admissions. *English Freight Co. v. Preston,* Tex.Civ.App., 203 S.W.2d 657, 659 (1947); 31A C.J.S. *Evidence* § 299 (1964).

However, the State has failed to sustain its claim that it acted under such a misapprehension. The assigned Deputy Attorney General, the State Prosecutor, and the Attorney General who were involved in one or both of these decisions have all stated in their respective affidavits that when these decisions were made they had concluded that the evidence was essential to the prosecution of the case. That this meant that the State could not proceed to trial without the suppressed evidence is borne out by the Deputy Attorney General, who subsequently filed both certifications, when he stated the following in a letter to the defendant's counsel dated January 8, 1981 regarding the State's decision to appeal: "[T]his will involve my certifying that the State is unable to proceed to trial without the suppressed evidence." He made a similar statement in his brief of July 14, 1981.

The State relies heavily on the fact that this Deputy Attorney General subsequently changed his position in May of 1982 when he argued that making the certification did not mean that the State could not proceed without the evidence. He made a similar statement in his second affidavit. However, nowhere did he or anyone else make the claim that his change in position was due to his belief that the word "essential" as used in § 9902(b) meant "substantial and material evidence" even though such a claim might be supported by his second position. Consequently, the State has not proved that it acted even the second time under such a misapprehension.[5] Under these circumstances, the Court finds no merit in the State's claim of good faith error.

The State has twice certified to this Court that the suppressed evidence in this case was essential to the prosecution of the case, i.e., that the suppressed evidence was necessary and indispensable. Based on these notarized representations, this Court has twice ordered dismissal of the action and its second such order was affirmed by the Supreme Court on appeal. Thus, this Court holds that the State cannot now assert a contrary position after it has received the right of appeal based on its previous assertions. For these reasons, this Court finds that the certifications made by the State are binding judicial admissions. Consequently, the State may not reprosecute the defendant for the same charge based on the same evidence it had when it made the certifications.[6]

---

5. Additionally, the defendant maintains that the State was put on notice as to the correct meaning of "essential" by his Letter Memorandum of May 25, 1982. It is his view that if there were a contrary interpretation on the State's part, this was the appropriate time to have the issue resolved by the court, prior to the State's second certification.

6. The State in its response to the defendant's first argument has included a number of extraneous arguments which will be dealt with summarily:

1) The State maintains that a § 9902(b) dismissal is without prejudice. There is no merit in this contention. Reprosecution on the same evidence is barred by an order of dismissal sustained on appeal. *See supra* p. 823.

2) The State suggests that since the Legislature failed to specify that the State could reprosecute if it does not prevail in an appeal of a suppression order, this court should create a judicial remedy ostensibly to protect the rights of the State and the rights of the victims of criminal acts. It would be improper for the court to create such a remedy.

## II.

■ The defendant's second argument is that the reprosecution here is barred by 11 *Del.C.* § 207, since a previous prosecution for the same offense was dismissed by this Court based on the State's certification that essential evidence had been suppressed. It is defendant's contention that a dismissal for lack of essential evidence is the same as a dismissal for insufficient evidence. Thus he concludes that the termination of the previous action amounted to an acquittal as defined in § 207(1).

The Court must determine whether or not the dismissal order pursuant to § 9902(b) which was sustained on appeal is the equivalent of a "determination by the Court that there was insufficient evidence" as required by § 207(1).[7] Obviously, the State contends that it is not.

To make this determination, the order of dismissal under § 9902(b) must be examined. First, the purpose of § 9902(b) as discussed previously is to provide the requisite finality which will allow the State to appeal a pretrial suppression order. The order of dismissal based on the State's certification is the constitutional method developed by the Legislature to achieve the necessary "final judgment."

The order of dismissal is a direct result of the Court's acceptance of the State's certification. Because of this, the State maintains that such an order is only a determination by the State and not the Court that the suppressed evidence is essential to the prosecution of the case. The State contends that the Court, even though it must state reasons for its order, has no discretion and thus its order of dismissal is a mere ministerial act.

Granted that under § 9902(b), the Court is apparently bound by the State's determination but so is the State. Consequently, there is no need for the Court to inquire further into the contents of the State's certification. Therefore, the Court's determination is no less a determination because it accepts the admission as true. Its order of dismissal constitutes a fixed determination that the suppressed evidence was essential to the prosecution of the case. To hold otherwise would be to say that the Superior Court did a useless act when it issued an order of dismissal under § 9902(b). It follows that here there was a determination by the Court that there was insufficient evidence as required by § 207(1).

The State strenuously argues to the contrary but its arguments are not persuasive. In a strained attempt to define a "judgment of acquittal," the State relies on *State v. Sharon H.,* Del.Super., 429 A.2d 1321 (1981). In that case, the State successfully sustained its right to appeal under § 9902(a) a dismissal of an information and

Here the State is referring to § 9902(c) which provides that if the order of dismissal is reversed on appeal that the defendant may be subjected to trial. *See supra* note 2 at 821. 3) The State contends that if it cannot reprosecute after an unsuccessful appeal, it will be "severely hampered in its quest to enforce the law." State's Answering Brief at p. 13. The State views its position as either appealing a suppression order and if unsuccessful, being barred from reprosecution or foregoing the appeal and proceeding with only a portion of the relevant evidence. Again the State has failed to accept that the only suppression orders which can become appealable are those which suppress evidence without which the prosecution cannot proceed. The State is trying to make § 9902(b) applicable to all suppression orders which impede the State's case and such an application is inappropriate. The State's reliance on the views expressed by the court in *Commonwealth v. Bosurgi,* Pa.Supr., 411 Pa. 56, 190 A.2d 304, 308 (1963) is misplaced since those views were rejected by the Delaware Supreme Court in *State v. Roberts,* 282 A.2d at 607.

7. The pertinent part of § 207(1) provides the following:

When a prosecution is for a violation of the same statutory provisions and is based upon the same facts as a former prosecution, it is barred by the former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal which has not subsequently been set aside. There is an acquittal if the prosecution resulted in a ... determination by the court that there was insufficient evidence to warrant a conviction ....

other charges by Municipal Court based on the Court's conclusions on the legal issues involved. Although the defendant argued that the dismissal was a judgment of acquittal, the Court determined that the lower court had not heard the evidence when it granted the motion. This case is not really relevant here since it does not address what would have happened if the State had admitted it had insufficient evidence to proceed at the lower court level, and how such an admission would affect the lower court's decision.

The State also cites some Federal cases for the proposition that an acquittal does not occur until a judge resolves some or all of the factual elements in favor of the defendant. *Lee v. United States,* 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977); *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). Again there is nothing wrong with the proposition but the cases do not indicate that the Court's resolution cannot be based on an admission by the State.

The State's final argument is based on the following statement from *State v. Esham,* Del.Super., 321 A.2d 512 (1974): "It is clear that the objective of § 207 seeks to bar the use in a subsequent prosecution based on identical facts which have been *tested* in a prior prosecution for the identical offense." *Id.* at 514 (emphasis added). It is the State's contention that in the present case the Court has never "tested" whether or not the State lacks sufficient evidence to prosecute without the suppressed evidence in spite of the State's certifications that in effect claimed that it could not proceed.

Here the State makes one more attempt to negate the effect of its own determinations that the suppressed evidence was essential. In all fairness, if the State truly believes that its determinations on this issue are meaningless, it must want the Court

to reject its certifications and to hold a full evidentiary hearing in order to make the necessary determination as to the sufficiency of the evidence without the suppressed evidence. It is hard to believe that the State would favor such a hearing, especially at the pretrial stage.

The State has consistently refused to accept the fact that its certifications were binding judicial admissions that it could not proceed without the suppressed evidence. Just because the Court based its determination to issue the order of dismissal on a judicial admission does not render the issue conceded in the admission as untested. Therefore, this Court concludes that reprosecution in this case is barred by § 207(1).

### III.

■ The defendant's final argument is that the State has unnecessarily delayed in bringing the defendant to trial in violation of Superior Court Criminal Rule 48(b). The defendant believes that it is implicit in the reindictment that the State now takes the position that the suppressed evidence was not essential to the prosecution of the case. In fact, the State has made it clear that this is its position. Consequently, the defendant argues that he could have been tried on or about January 26, 1981, the original trial date, and that this did not happen because the State pursued two appeals from suppression orders based on its certification to the Court that the suppressed evidence was essential to the prosecution of the case. After its second appeal the State pursued reindictment claiming that the suppressed evidence was never essential at all. Under these circumstances, the defendant concludes that the State has unnecessarily delayed bringing him to trial in violation of Superior Court Criminal Rule 48(b).[8]

The State's only response to the defendant's position is that the defendant has not shown that the delay has caused him preju-

---

**8.** Superior Court Criminal Rule 48(b) provides that:

"If there is unnecessary delay in presenting a charge to a grand jury or in filing an infor-

mation or in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

dice and, consequently, Rule 48(b) cannot be applied. Whether or not some form of prejudice is a necessary prerequisite to the Court's exercise of its discretionary power under Rule 48(b) does not have to be decided here. Our courts have made it quite clear that prejudice in the traditional sense, as in connection with the constitutional guaranty of speedy trial, is not necessary. *State v. Budd Metal Co., Inc.,* Del.Supr., 447 A.2d 1186, 1188 (1982); *State v. Fischer,* Del.Supr., 285 A.2d 417, 419 (1971); *State v. Sharon H.,* 429 A.2d at 1325. The defendant argues that he has been prejudiced by the delay in that he has had to expend substantial energies and resources in defending these two appeals which the State has now admitted were unwarranted.

Obviously, the State had the right to pursue an appeal of a suppression order if it satisfied the certification requirement which triggered the dismissal requirement and any delay caused by such appeals would not be unnecessary. However, in this case the State's pursuit of these appeals leaves this Court with the distinct impression that it was attempting to unfairly manipulate the criminal process. As a result, there has been at least a two-and-a-half year delay in bringing this defendant to trial. Considering this delay to be unnecessary, and considering the prejudice claimed by the defendant, this Court is sufficiently moved to exercise its discretionary power under Rule 48(b) and to order dismissal.

Defendant's motion to dismiss is therefore GRANTED. IT IS SO ORDERED.