David STEVENSON, Defendant Below–Appellant,

v.

STATE of Delaware, Plaintiff Below–Appellee.

No. 502, 2003.

Supreme Court of Delaware.

Submitted: Oct. 22, 2003.

Decided: Nov. 14, 2003.

Jerome M. Capone, Wilmington, for appellant, David Stevenson.

Loren C. Meyers, Department of Justice, Wilmington, for appellee, State of Delaware.

HOLLAND, Justice:

The appellant, David Stevenson, filed this appeal from the Superior Court's denial of his motion for postconviction relief. The State has filed a motion to dismiss the appeal on the ground that it is interlocutory. Stevenson has filed a response in opposition to the motion to dismiss.

The record reflects that a Superior Court jury convicted Stevenson and his codefendant, Michael Manley,[1] of first degree murder and related offenses. This Court affirmed Manley's[2] and Steven-

---

1. Manley has filed a separate appeal from the Superior Court's denial of postconviction relief. The Court has issued an order denying a similar motion to dismiss filed by the State in that case. *Manley v. State*, Del.Supr., No. 519, 2003, Holland, J. (Nov. 14, 2003).

2. *Manley v. State*, 709 A.2d 643 (Del.1998).

son's[3] convictions and death sentences on direct appeal. The Superior Court denied Manley's and Stevenson's subsequent petitions for postconviction relief; however, this Court reversed those judgments on appeal.[4]

Among other things, we held that both Manley and Stevenson were entitled to a new penalty hearing before a different judge. Before holding the new penalty hearing, however, we directed the new judge to "first consider the reasserted postconviction petitions in order to determine whether relief involving the guilt phase is also required."[5] The Superior Court held an evidentiary hearing and issued its decision denying Manley's and Stevenson's reasserted postconviction claims on October 2, 2003.

The State has filed a motion to dismiss Stevenson's appeal on the ground that it is interlocutory. The State contends that the Superior Court's October 2, 2003 decision is not final because Stevenson has not been resentenced yet. The State argues that Stevenson's appeal of his postconviction claims must wait until the new penalty proceedings are completed. Stevenson has filed a response in opposition to the State's motion.

After careful consideration of the parties' respective positions, the Court has determined that the motion to dismiss must be denied. The State is correct that this Court only has jurisdiction to review a final order in a criminal case.[6] In the case of a direct criminal appeal, the trial court's final order in the case is the imposition of sentence.[7] This is not Stevenson's direct appeal, however. Stevenson has appealed the Superior Court's judgment on his reasserted postconviction petition. Pursuant to Supreme Court Rule 6(a)(iii), a notice of appeal in a postconviction proceeding shall be filed "[w]ithin 30 days after entry upon the docket of a judgment or order in any proceeding for post-conviction relief." In this case, Stevenson filed his notice of appeal within 30 days of the Superior Court's order denying postconviction relief. Accordingly, the Court has jurisdiction to consider this postconviction appeal.

The motion to dismiss is DENIED.

---

3. *Stevenson v. State,* 709 A.2d 619 (Del.1998).

4. *Stevenson v. State,* 782 A.2d 249 (Del.2001).

5. *Id.* at 261.

6. DEL. CONST. art. IV, § 11(1)(b).

7. *See Rash v. State,* 318 A.2d 603, 604–05 (Del.1974).