IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| COREY HARRELL, | § | |
| | § | No. 591, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1311014669 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  January 13, 2017
Decided:    February 10, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 10th day of February 2017, upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     This appeal is from the Superior Court's order of November 14, 2016 denying a motion for appointment of counsel filed by the appellant, Corey Harrell. Harrell filed the motion for appointment of counsel in conjunction with a motion for postconviction relief that he filed following his guilty plea and sentencing in the Superior Court.

(2)     Upon receipt of Harrell's notice of appeal, the Clerk issued a notice directing Harrell to show cause why the appeal should not be dismissed based upon

this Court's lack of jurisdiction to entertain an interlocutory appeal in a criminal matter. In his response to the notice to show cause, Harrell argues against a dismissal of the appeal. He contends that "[n]othing in the wording of the [Delaware Constitution] deprives the . . . Court . . . of jurisdiction to consider interlocutory appeals in [a] criminal case."

(3) Harrell is mistaken. The Court has repeatedly held that, under article IV, section 11(1)(b), of the Delaware Constitution, the jurisdiction of the Court in criminal cases is limited to the review of final judgments.[1] "A final judgment is generally defined as one which determines the merits of the controversy or the rights of the parties and leaves nothing for future determination or consideration."[2]

(4) In this case, the Superior Court's order denying Harrell's motion for appointment of counsel is an interlocutory order.[3] The order is not appealable as a

---

[1] *See State v. Roberts*, 282 A.2d 603 (Del. 1971) (comparing Del. Const. art. IV, § 11(1)(a) conferring Supreme Court's appellate jurisdiction in Superior Court *civil* cases "to all matters of appeal in the *interlocutory* or final judgments" with Del. Const. art. IV, § 11(1)(b) conferring Supreme Court's appellate jurisdiction in Superior Court *criminal* cases to "all matters of appeal on the judgments") (emphasis added).

[2] *Brunhammer v. State*, 2016 WL 611822, at n.2 (Del. Feb. 12, 2016) (quoting *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (Del. 1985)).

[3] *Accord Lopez v. State*, 2014 WL 3586494 (Del. July 21, 2014); *Harris v. State*, 2013 WL 4858990 (Del. Sept. 10, 2013); *Bednash v. State*, 2013 WL 210508 (Del. Jan. 17, 2013); *Brown v. State*, 2012 WL 4466314 (Del. Sept. 26, 2012) (dismissing appeals from Superior Court orders denying appointment of counsel as impermissible criminal interlocutory appeals).

collateral order before the entry of a final order on Harrell's motion for postconviction relief.[4]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] *See St. Louis v. State*, 2012 WL 130877 (Del. Jan. 17, 2012) (citing *Robinson v. State*, 704 A.2d 269, 271 (Del. 1998)).