## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT POTTS, | § | |
| | § | No. 504, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below:  Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1709011232 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  October 9, 2018
Decided:     November 15, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the notice to show cause and the appellant's response to the notice, it appears to the Court that:

(1)    The Court received a *pro se* notice of appeal from Robert Potts, a criminal defendant who is represented by counsel in the Superior Court.  Potts was convicted of criminal offenses on June 7, 2018.  He has not yet been sentenced for those convictions.

(2)     Under the Delaware Constitution, only a final judgment may be reviewed by this Court in a criminal case.[1]  A criminal conviction does not become final and is not appealable until sentence is imposed.[2]

(3)     Potts was directed to show cause why his appeal should not be dismissed for the Court's lack of jurisdiction to entertain an interlocutory appeal in a criminal case.   In response, Potts contends that his sentencing has been impermissibly delayed, and he asks the Court to consider his appeal notwithstanding the Court's jurisdictional constraints.

(4)     "Under settled Delaware constitutional law only a final judgment in a criminal case is reviewable in this Court."[3]  Because Potts has not yet been sentenced for his criminal convictions, his appeal is interlocutory, and this Court has no jurisdiction to consider it.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.  Copies of this Order shall be sent to the parties on appeal—namely, Potts and the State—and to Potts' defense counsel.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] Del. Const. art. IV, § 11(1)(b); *Gottlieb v. State*, 697 A.2d 400, 401–02 (Del. 1997).
[2] *Hunter v. State*, 209 A.2d 469, 470 (Del. 1965).
[3] *Rash v. State*, 318 A.2d 603, 604 (Del. 1974).