IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA CIRWITHIAN, | § | |
| | § | |
| Defendant Below, | § | No. 498, 2019 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1812014043 (N) |
| | § | 1812006782 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: December 6, 2019
Decided: December 20, 2019

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) The Court received a letter from Joshua Cirwithian, a criminal defendant who is represented by counsel in the Superior Court. Based upon its contents and a review of the Superior Court docket, the Clerk deemed the letter to be a notice of appeal from Cirwithian's conviction in the Superior Court following trial.

(2)     Under the Delaware Constitution, this Court may review only a final judgment in a criminal case.[1]  Because the docket indicated that Cirwithian had not yet been sentenced, the Chief Deputy Clerk sent a notice to Cirwithian directing him to show cause why his appeal should not be dismissed for the Court's lack of jurisdiction to entertain an interlocutory appeal in a criminal case.  In response, Cirwithian contends that the State did not prove his guilt beyond a reasonable doubt and raises other challenges to the merits of his conviction.

(3)     "Under settled Delaware constitutional law only a final judgment in a criminal case is reviewable in this Court."[2]  Because Cirwithian has not yet been sentenced for his convictions, his appeal is interlocutory, and this Court has no jurisdiction to consider it.[3]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[1] DEL. CONST. art. IV, § 11(1)(b); *Gottlieb v. State*, 697 A.2d 400, 401-02 (Del. 1997).

[2] *Rash v. State*, 318 A.2d 603, 604 (Del. 1974).

[3] *Potts v. State*, 2018 WL 6015781 (Del. Nov. 15, 2018).