STATE of Delaware, Plaintiff, Appellant,

v.

John A. COOLEY, Defendant, Appellee.

Supreme Court of Delaware.

Submitted May 14, 1981.

Decided May 21, 1981.

Ralph K. Durstein, III, Deputy Atty. Gen. (argued), Wilmington, for plaintiff-appellant.

John E. Babiarz, Jr. (argued), of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant-appellee.

Before DUFFY, QUILLEN and HORSEY, JJ.

DUFFY, Justice:

This is an appeal by the State from an order of the Superior Court dismissing a criminal prosecution. The only issue before us is whether the appeal was timely filed, and we hold that it was.

I

John A. Cooley, (defendant) was indicted for criminally negligent homicide in violation of 11 *Del.C.* § 631. After arraignment, he moved to suppress certain evidence and the Superior Court granted the motion by an order dated December 4, 1980. On February 5, 1981, the State filed a certification that the evidence ordered suppressed was essential to the prosecution of the case and, in accordance with a statutory procedure, the Superior Court dismissed the action on February 18. Then, on February 27, the State filed a notice of appeal in this Court. Thereafter, defendant filed a motion to dismiss the appeal on the ground that it was untimely.

II

Under certain specific and limited circumstances, the State has an appeal as of of right under the provisions of 10 *Del.C.* § 9902, which reads in full as follows: [1]

"(a) The State shall have an absolute right to appeal to an appellate court a final order of a lower court where the order constitutes a dismissal of an indictment or information or any count thereof, or the granting of any motion vacating any verdict or judgment of conviction where the order of the lower court is based upon the invalidity or construction of the statute upon which the indictment or information is founded or the lack of jurisdiction of the lower court over the person or subject matter.

(b) When any order is entered before trial in any court suppressing or excluding substantial and material evidence, the court, upon certification by the Attorney General that the evidence is essential to the prosecution of the case, shall dismiss the complaint, indictment or information or any count thereof to the proof of which the evidence suppressed or excluded is essential. Upon ordering the complaint, indictment or information or any count thereof dismissed pursuant to the Attorney General's certification, the reasons of the dismissal shall be set forth in the order entered upon the record.

(c) The State shall have an absolute right of appeal to an appellate court from an order entered pursuant to subsection (b) of this section and if the appellate

---

1. Other provisions in the Statute permit an appeal by the State in the discretion of the appellate court. 10 *Del.C.* § 9903.

court upon review of the order suppressing evidence shall reverse the dismissal, the defendant may be subjected to trial."

The time for filing the appeal is governed by § 9904 which provides that,

"[t]he appeal or application for appeal shall be filed with the appellate court within 30 days from the entry of the order appealed from."

■ In seeking a dismissal of the State's appeal, Cooley argues that the statutory right given to the State contemplates prompt action on its part; to implement that purpose, he says, a reasonable construction of the Statute is that both the requisite certification by the Attorney General and the order of dismissal by the Superior Court must be completed within thirty days after entry of the order suppressing the evidence in issue. When that is done, continues Cooley, the order of dismissal, in effect, ripens the order suppressing the evidence from an interlocutory decree to an appealable final judgment.[2] Cooley argues that any other construction of the Statute would give the State an unlimited time in which to make the certification permitted under § 9902(b).

Turning to the statutory plan, § 9904 provides that an appeal shall be filed "within 30 days from entry of the order appealed from." Because of the Constitutional provision, that can only mean a "final order." The State is given the right of appeal by § 9902(c), which provides that it has an "absolute right of appeal . . . from an order entered pursuant to subsection (b)" and, for present purposes, that is the provision which must be examined.

Subsection (b), § 9902(b), plainly provides for a three-step procedure to be followed when the State elects to perfect an appeal of right; thus:

(1) The Trial Court enters an order adverse to the State "suppressing or excluding substantial and material evidence";

(2) The Attorney General then certifies that the "evidence is essential to the prosecution of the case";

(3) Whereupon, the Court "shall" enter an order dismissing the complaint.

As we read the Statute, it is the latter order which is contemplated by § 9902(c) as the order from which the State has an absolute right of appeal. That, of course, is in harmony with the norm in criminal actions in which an order dismissing a complaint is the final and appealable order of the Court.

■ In sum, an order dismissing the action is the appealable order under § 9902, not the order suppressing the evidence.

Since the State's appeal in this case was filed within thirty days from the Superior Court's order of dismissal, the appeal is timely and Cooley's motion must be denied.

### III

While Cooley's motion is without merit, he has identified one open-ended provision of § 9902(b) which should be closed. And that can be accomplished by Rule of Court.

■ Clearly there should be some time limitation upon the Attorney General in his determination of whether he will seek appellate review of an order suppressing evidence. It seems to us that approximately fifteen days from the date of an order suppressing the evidence is a reasonable period of time for that purpose. For that reason, the Superior Court will be directed to promulgate a rule of procedure implementing § 9902(b) by requiring that any certification by the Attorney General, that evidence ordered suppressed is essential to prosecution of the case, shall be filed with the Superior Court within fifteen days (or such other period as the Superior Court states in the rule) after entry of an order suppressing or excluding the evidence in issue. Under the Statute, the Superior Court has little, if any, discretion in deter-

---

2. It is beyond dispute that this Court has jurisdiction in a criminal appeal only from a final judgment of the Superior Court. *Constitution,* Art. IV, § 11(1)(b). Stated otherwise, this Court does not have jurisdiction over an interlocutory appeal in a criminal case. *Rash v. State,* Del.Supr., 318 A.2d 603 (1974).

mining whether or not the case should be dismissed and, for that reason, its own order should be entered as promptly as possible so that the appellate process may begin.