STATE of Delaware, Plaintiff Below, Appellant,

v.

Edward C. MOORHEAD, Jr., Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted: March 2, 1993.

Decided: April 12, 1993.

Richard E. Fairbanks, Jr. (argued), and Loren C. Meyers, Dept. of Justice, Wilmington, for appellant.

Bernard J. O'Donnell (argued), Public Defender's Office, and Joseph A. Hurley, Wilmington, for appellee.

Before VEASEY, C.J., HORSEY, MOORE, WALSH and HOLLAND, JJ. (constituting the Court en Banc).

HOLLAND, Justice:

The State has applied for leave to appeal from an adverse evidentiary ruling by the Superior Court, which was made during the course of a criminal trial. 10 *Del.C.* § 9903. Such appeals are permitted in the discretion of this Court. *Id.* The defendant-appellee, Edward C. Moorhead, Jr. ("Moorhead"), has responded with a motion to dismiss the State's application as untimely and, alternatively, with a request to deny the State's application on the merits. The only issue addressed by this opinion is the timeliness of the State's application for leave to appeal.

The timeliness question has been considered by the Court *en Banc* to reconcile the language of 10 *Del.C.* §§ 9903 and 9904 with article 4 § 11(1)(b) of the Delaware Constitution and the prior decisions of this Court. Supr.Ct.R. 4. We have concluded that the State's application for leave to take a discretionary appeal, pursuant to § 9903, was properly filed. Therefore, Moorhead's motion to dismiss the State's application as untimely is denied.

### Facts

The facts, which are relevant to a resolution of the procedural issue that is now before the Court, are not in dispute. The State seeks to have this Court review an evidentiary ruling which was made during the course of a criminal trial that ended

with a conviction on July 28, 1992. Moorhead was sentenced on October 23, 1992. The State filed its application for leave to appeal on November 23, 1992.

## Contentions

Moorhead contends that the State's application for leave to appeal was untimely because the controlling statute provides that "an application for appeal shall be filed with the appellate court within 30 days of the entry of the order appealed from." 10 *Del.C.* § 9904. According to Moorhead, the State's application in November, to review an evidentiary ruling which was made in July, is time barred by Section 9904. The State argues that its November application to appeal was timely because it was filed within 30 days of the date on which Moorhead was sentenced.

## Statutory History

"At common law, a State had no right to appeal in a criminal case." *State v. Bailey*, Del.Supr., 523 A.2d 535, 537 (1987). The statutes which have been enacted to permit appeals by the State in a criminal proceeding are not uniform throughout the United States. *Id.* The Delaware statutory provisions which permit appeals by the State in a criminal proceeding were originally promulgated in 1969. *Id.* Since that time, those statutes have been amended by the General Assembly and reviewed by this Court in a variety of contexts. *See, e.g.*

*Id., In re State*, Del.Supr., 603 A.2d 814 (1992); *State v. Pusey*, Del.Supr., 600 A.2d 32 (1991); *State v. Reed*, Del.Supr., 567 A.2d 414 (1989); *State v. Cooley*, Del.Supr., 430 A.2d 789, 791 (1981); *State v. Roberts*, Del.Supr., 282 A.2d 603, 605 (1971); *State v. Clark*, Del.Supr., 270 A.2d 371, 372–373 (1970).

## Delaware Constitution

■ The Delaware Constitution limits the jurisdiction of this Court in a criminal proceeding to a review of final judgments. Del. Const. Art. 4 § 11(1)(b).[1] Consequently, jurisdiction for this Court to hear an interlocutory appeal in a criminal proceeding can not be conferred by statute, but only by an amendment to the Delaware Constitution. *State v. Roberts*, Del.Supr., 282 A.2d 603, 606–607 (1971). In fact, this Court has held that a prior version of 10 *Del.C.* § 9903 was unconstitutional, to the extent that the statute permitted an interlocutory appeal to this Court in a criminal proceeding. *Id. See also State v. Clark*, 270 A.2d 371.

## Present Statutory Provisions

The current statutory provisions which permit appeals by the State in a criminal proceeding are set forth in Chapter 99 of Title 10 of the Delaware Code. 10 *Del.C.* §§ 9901–9904. Section 9902 relates to appeals by the State as a matter of right.[2] Section 9903 provides for applications to

---

1. *State v. Cooley*, Del.Supr., 430 A.2d 789, 791 (1981); *State v. Roberts*, Del.Supr., 282 A.2d 603, 605 (1971). *See Also Norman v. State*, Del. Supr., 177 A.2d 347, 349 (1962); *Hunter v. State*, Del.Supr., 209 A.2d 469, 470 (1965); *Hodsdon v. Superior Court*, Del.Supr., 239 A.2d 222, 224 (1968); *In re Dean*, Del.Supr., 251 A.2d 347, 348 (1969); *Steigler v. Superior Court*, Del.Supr., 252 A.2d 300, 302–303 (1969); *Harris v. Municipal Court*, Del.Supr., 256 A.2d 674, 675 (1969); *see also Proceedings of the Delaware Constitutional Convention of 1897*, pp. 960–977, 1772–1784.

2. 10 *Del.C.* § 9902 provides as follows:
   **Appeal as of right.**
   (a) The State shall have an absolute right to appeal to an appellate court a final order of a lower court where the order constitutes a dismissal of an indictment or information or any count thereof, or the granting of any motion vacating any verdict or judgment of

conviction where the order of the lower court is based upon the invalidity or construction of the statute upon which the indictment or information is founded or the lack of jurisdiction of the lower court over the person or subject matter.

(b) When any order is entered before trial in any court suppressing or excluding substantial and material evidence, the court, upon certification by the Attorney General that the evidence is essential to the prosecution of the case, shall dismiss the complaint, indictment or information or any count thereof to the proof of which the evidence suppressed or excluded is essential. Upon ordering the complaint, indictment or information or any count thereof dismissed pursuant to the Attorney General's certification, the reasons of the dismissal shall be set forth in the order entered upon the record.

appeal by the State in the discretion of the appellate court.[3] Section 9904 prescribes the time in which the State must file either a notice of appeal, pursuant to Section 9902, or an application for appeal, pursuant to Section 9903. That requirement is as follows: "The appeal or application for appeal shall be filed with the appellate court within 30 days of the entry of the order appealed from." 10 *Del.C.* § 9904.

### Time to Appeal

██ This Court has previously construed Section 9904 in the context of Section 9902, which provides for appeals as of right by the State. *State v. Cooley,* 430 A.2d at 791. In *Cooley,* we carefully considered the language of Section 9904 *vis-a-vis* Delaware's Constitutional prohibition against interlocutory appeals in criminal cases. In *Cooley,* we held that the thirty day filing limitation provided for in Section 9904 can be reconciled with the foregoing Constitutional prohibition, only if the word "order" in Section 9904 is construed to mean "final order". *State v. Cooley,* 430 A.2d at 791.

In *Cooley,* this Court determined that "final order" was the proper construction of the word "order" in Section 9904. *Id.* At issue in *Cooley* was an appeal of right filed by the State pursuant to Section 9902. *Id.* However, Section 9904 also governs applications by the State to take a discretionary appeal, pursuant to Section 9903, and provides that such application must be filed "within 30 days from the entry of the order appealed from." Since the time pro-

visions of Section 9904 control Chapter 99 in its entirety, *a fortiori,* our holding in *Cooley* requires that an application for leave to appeal, filed pursuant to Section 9903, must also be filed within 30 days of the entry of the "final order".[4] *Id.*

We now hold that the time limitation in Section 9904 begins to run when the *final order* is entered in a criminal proceeding, irrespective of whether the State seeks to appeal of right (Section 9902) or applies for leave to take a discretionary appeal (Section 9903). In *Cooley,* the "final order" was an order of dismissal. *State v. Cooley,* 430 A.2d at 790. However, another "benchmark of finality in a criminal proceeding has always been the date upon which sentence is imposed." *Eller v. State,* Del.Supr., 531 A.2d 948, 950 (1987). Compare *State v. Skyers,* Del.Supr., 560 A.2d 1052 (1989).[5]

### Conclusion

██ In the case *sub judice,* the "final order" was entered in the criminal proceedings against Moorhead when he was sentenced in October 1992. The State's application to appeal pursuant to Section 9903, which was filed in November 1992, was timely because it was filed within 30 days of that final order. Therefore, Moorhead's motion to dismiss the State's application to appeal as untimely is DENIED.[6] The merits of accepting the State's application for leave to appeal in this matter will be as-

---

**3.** 10 *Del.C.* § 9903 reads as follows:

**Appeal in the discretion of the appellate court.**

The State may apply to the appellate court to permit an appeal to determine a substantial question of law or procedure, and the appellate court may permit the appeal in its absolute discretion. The appellate court shall have the power to adopt rules governing the allowance of the appeal; but, in no event of such appeals shall the decision or result of the appeal affect the rights of the defendant and he shall not be obligated to defend the appeal, but the court may require the Public Defender of this State to defend the appeal and to argue the cause.

**4.** This "final order" construction also applies to *both* subsections (a) and (b) of Supreme Court

Rule 27. A separate order amending Rule 27 has been entered simultaneously with this opinion.

**5.** Supreme Court Rule 6(2) provides that the time for taking a direct appeal of a criminal conviction commences with the imposition of the sentence.

**6.** When the State seeks permission to take a discretionary appeal, Section 9903 provides that the decision or result of the appeal shall not affect the rights of the defendant. Consequently, the defendant is not obligated to defend such an appeal. In this case, the Court is grateful to Moorhead's trial attorney, Joseph A. Hurley, who responded to the State's application for leave to appeal at the Court's request *pro bono publico.*

signed for disposition to a panel of this Court.  Supr.Ct.R. 4(c).