STATE of Delaware, Appellant/Cross–
Appellee,

v.

Michael HARMON, Appellee/Cross–
Appellant.

Nos. 606, 2001, 628, 2001.

Supreme Court of Delaware.

Submitted: May 29, 2002.
Decided: June 18, 2002.

William M. Kelleher, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, for Appellant/Cross–Appellee.

Bernard J. O'Donnell, Esquire, Assistant Public Defender, Office of the Public Defender, Wilmington, Delaware, for Appellee/Cross–Appellant.

Before VEASEY, Chief Justice, WALSH and HOLLAND, Justices.

WALSH, Justice.

The State of Delaware initiated this appeal from a decision of the Superior Court that granted the defendant's motion for judgment of acquittal on two weapons offenses. The State contends that the trial court misconstrued the definition of "deadly weapon" contained in 11 *Del.* C. § 222(5). The defendant below, in turn, appeals his conviction for second degree assault. We conclude that the Superior Court erred in granting the judgments of acquittal, but affirm the assault conviction.

## I.

The appellant/defendant below, Michael Harmon ("Harmon"), was found guilty of second degree assault (as a lesser included offense of first degree assault), possession of a deadly weapon during the commission of a felony, and possession of a deadly weapon by a person prohibited. Following the jury's guilty verdict, the Superior Court granted Harmon's motion for judgment of acquittal as to both weapons offenses. The State promptly filed a notice of appeal challenging the dismissal of the weapons convictions. Harmon later appealed his conviction for second degree assault. We ordered the two appeals consolidated.

On January 8, 2001, Harmon and his roommate, Keith Dorsey, were involved in an altercation during which Harmon stabbed Dorsey in the eye with a knife. A third roommate witnessed the immediate aftermath of the stabbing and took Dorsey to the hospital. Dorsey suffered permanent damage to his eye. Harmon was quickly arrested and charged with assault and possession of a deadly weapon during the commission of a felony. The State later learned that Harmon had been convicted of a felony in 1993 and charged him with the additional offense of possession of a deadly weapon by a person prohibited.

At Harmon's trial on these charges, the State introduced a knife into evidence that

the police found in a small refrigerator in Harmon's bedroom. There was no objection to the introduction of the knife, nor did the State explain why it was being introduced. Later, the State conceded that the introduced knife was not the knife used to stab Dorsey, but was introduced because it was relevant to the possession of a deadly weapon by a person prohibited charge. The introduced knife was a pocketknife, found in a closed position, with a metal blade measuring a little more than three inches in length. At the close of the State's case, Harmon moved for a judgment of acquittal on all counts, arguing that the introduction into evidence of a knife, not the stabbing knife, was unduly prejudicial. The trial court refused to consider this motion, however, stating only that it was normal practice to wait until the close of all evidence to entertain such motions. After the jury returned a guilty verdict, the trial court granted Harmon's motion on both weapons charges, finding that the introduced knife was an ordinary pocketknife, and therefore not a deadly weapon pursuant to 11 *Del.* C. § 222(5).

## II.

■ Harmon contends that the introduction into evidence of a knife that was not the knife used in the stabbing was reversible error because the jury may have improperly inferred that possession of any knife indicates a disposition to use it. Since Harmon did not object to the introduction of the knife, however, we review this claim for plain error. *See* Supr. Ct. R. 8; *Flamer v. State*, 794 A.2d 1160 (Del. 2002). Harmon relies on this Court's decision in *Farmer v. State*, in which we held that evidence that a defendant, charged

with a weapons offense, had access to a weapon is probative only if that particular weapon is connected to the specific criminal act charged. 698 A.2d 946, 948–49 (Del.1997). Harmon's reliance on *Farmer* is misplaced. Harmon's defense at trial was self-defense, he admitted that he used a knife to stab Dorsey but argued that Dorsey had been the aggressor. There was no question, therefore, that Harmon had access to, and used, a knife. The prejudicial inference condemned in *Farmer* finds no application here because the use of a deadly weapon was conceded. Moreover, the State argued that the introduced knife was relevant to count three, possession of a deadly weapon by a person prohibited.* Because the knife was introduced for an independent, proper purpose and any prejudice to Harmon was slight, this claim does not rise to the level of plain error and we affirm Harmon's conviction for second degree assault.

## III.

■ Harmon further argues that the trial court's refusal to consider his motion for judgment of acquittal at the close of the State's case was error. Harmon is correct that a trial court should consider and rule on a motion when properly made, but the error in this case was harmless. Super. Ct.Crim. R. 29; *Walls v. Dept. of Corrections*, 567 A.2d 424 (Del.1989). Harmon would not have been entitled to a judgment of acquittal at the close of the State's case because the evidence established a *prima facie* claim of assault, which, if not rebutted, would sustain a conviction. *See* Super. Ct.Crim. R. 29.

---

* The State's position at trial is somewhat at variance with the State's concession at argument on appeal that it was reasonable to conclude that the "deadly weapon" referred to in Count III of the Indictment was not the knife used in the assault, but the knife introduced into evidence. But, again, there was no objection to the introduction of the knife into evidence.

## IV.

As to the State's appeal, Harmon argues that it was filed prior to his sentencing and is thus an impermissible interlocutory appeal. On the contrary, the State has an absolute right to appeal the granting of a motion for judgment of acquittal based on an alleged erroneous construction of a statute. *See* 10 *Del.* C. § 9902(a). That appeal must be filed "within thirty days from entry of the order appealed from." 10 *Del.* C. § 9904. Here, the final order dismissing both weapons convictions was entered on November 6, 2001, and the State filed a timely notice of appeal on November 30, 2001. *See State v. Cooley*, 430 A.2d 789, 790 (Del.1981).

## V.

In its appeal, the State asserts that the Superior Court relied on an erroneous construction of 11 *Del.* C. § 222(5) in granting a judgment of acquittal on counts two and three, possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a person prohibited. We agree. The trial court held that, because the knife introduced into evidence had a blade measuring less than three inches, excluding the unsharpened base of the knife, it was not a "deadly weapon," and counts two and three failed. 11 *Del.* C. § 222(5). The trial court erred in two respects. First, section 222(5) defines a deadly weapon as, among other things, "a knife of any sort (other than an ordinary pocketknife *carried in a closed position* )" or any dangerous instrument "which is used, or attempted to be used, to cause death or serious physical injury." 11 *Del.* C. § 222(5). An "ordinary pocketknife" is further defined as "a folding knife having a blade not more than 3 inches in length." *Id.* Here, there was unrebutted testimony that Harmon stabbed Dorsey in the eye with a knife.

That knife, the stabbing knife, was obviously in an open position and used, or attempted to be used, to inflict serious physical injury. It is, therefore, a deadly weapon within the meaning of the statute, regardless of the length of the blade. Count two, possession of a deadly weapon during the commission of a felony, was thus proved and the jury's verdict of guilt should be reinstated.

## VI.

The Superior Court's dismissal of count three, possession of a deadly weapon by a person prohibited, fails for a different reason. The State proffered the knife introduced into evidence as the deadly weapon Harmon had possessed for purposes of count three. The trial court dismissed count three because it found that the knife's blade was less than three inches in length. In reaching this conclusion, the court measured only the sharpened part of the blade and noted that the complete length of the blade, from the handle to the tip, was a little more than three inches. In our view, the "blade" of a knife should not depend upon how much of the knife is sharpened, but should encompass the entire length of the knife, excluding only the handle. Although the knife introduced into evidence was found in a closed position, its blade was more than three inches in length from handle to tip, and it therefore qualified as a deadly weapon pursuant to 11 *Del.* C. § 222(5). Accordingly, Harmon's conviction for possession of a deadly weapon by a person prohibited should also be reinstated.

The judgment of the Superior Court is therefore affirmed as to Harmon's conviction for second degree assault, reversed as to the trial court's dismissal of Harmon's convictions for possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a

person prohibited, and remanded for proceedings consistent herewith.