**STATE of Delaware**

v.

**Christine MUNDEN, Defendant.**

**Criminal Action Nos. N–03–08–3051, N–03–08–3052.**

Superior Court of Delaware, New Castle County.

Submitted: Feb. 4, 2005.
Decided: April 15, 2005.

"NCMEC forwards all information unedited to law enforcement agencies for investigation...." Def.'s Ex. 2.

Danielle J. Brennan, Deputy Attorney General, Department of Justice, for State of DE.

Louis B. Ferrara, of Ferrara, Haley, & Bevis, of Wilmington, DE, for defendant.

### MEMORANDUM OPINION

HERLIHY, Judge.

The State of Delaware has appealed a decision of the Court of Common Pleas dismissing the case against Appellee Christine A. Munden on the charge of driving under the influence of alcohol and/or drugs in violation of 21 Del.C. § 4177(a). The dismissal was premised on the absence of the State Chemist at trial in a intoxilyzer test case.

Munden has moved to dismiss this appeal for lack of jurisdiction. For the reasons herein stated, her motion to dismiss is DENIED.

### Background

On June 13, 2003, Munden was charged with violating 21 Del. C. § 4177(a), driving under the influence and failure to signal, in violation 21 Del. C. § 4155. She was administered an intoxilyzer test not a blood test.

By letter dated August 13, 2003, Munden, through counsel, requested the presence of the State Chemist at trial citing 21 Del. C. § 4177(h)(4) and 10 Del. C. § 4132.[1] Trial was scheduled for a later date in the Court of Common Pleas.

Just before trial, Munden moved to suppress any and all evidence offered by the State. Her motion was premised on the fact that the State Chemist, David Sockrider, was not present. At the opening of the hearing, Munden mentioned to the court its prior rulings barring test results to be admitted if the requested State Chemist were not present.[2] The Deputy Attorney General responded that no blood was drawn and the only test was the intoxilyzer.[3] The trial court stated that it would not permit admission of the intoxilyzer test results if the State Chemist were not present as requested by Munden.[4] Defense counsel then stated that the case

---

1. The letter is not in the record before this Court.

2. Transcript at 2.

3. Transcript at 3.

4. Transcript 2–3.

was to be or could be disposed of with a reckless driving alcohol related,[5] representing to the court that this was "a done deal."[6]

A second Deputy Attorney General entered the courtroom.[7] That Deputy stated to the court "So, if it's my understanding that the Court is requiring the presence of David Sockrider in this case, the State Chemist, in an Intoxilyzer DUI case, not a blood case, and absent the presence of that witness, the test would be excluded, the State would request the matter be dismissed and certify the necessity of that witness for the prosecution to enable the State to appeal under 10 Del.Code, 9902."[8]

Munden stated there was nothing to appeal as there was a plea agreement to which both sides agreed.[9] The court asked the State if it was asking for the case to be dismissed. The second Deputy stated that if the court were ruling that the State Chemist were needed or the demand for the presence of another witness for the admissibility of the intoxilyzer records, he "would ask that the matter be dismissed certifying under 9902 of Title 10."[10] He added that "maybe the best way to do that is that the State is certify-

ing, presently, its inability, based upon a bench ruling."[11] The court responded, "All right."[12]

### Discussion

The State has certain statutory rights to appeal matters in criminal cases. To do so requires certain steps be taken.[13] One step is a certification by the Attorney General that the evidence (suppressed) is essential to the prosecution of the case. The issue before the Court is whether the State complied with the certification requirement in order to preserve its right to appeal so that this Court has jurisdiction.

There is no written order from the trial court setting forth the 10 *Del. C.* § 9902 requirements. In addition, there is no written certification by the State that the suppressed evidence is essential to its case.[14] There is merely an indication in the file that the case was dismissed by the court below. Therefore, the Court must review the transcript to determine whether the 10 *Del. C.* § 9902 requisites were met during the proceeding in the trial court.[15]

The trial court dismissed the action, according to the file notation. Therefore, an

---

5. Transcript at 3.

6. Transcript at 4.

7. *Id.*

8. Transcript at 6.

9. Transcript at 7.

10. Transcript at 9.

11. Transcript at 10.

12. Transcript at 10.

13. When any order is entered before trial in any court suppressing or excluding substantial and material evidence, the court, upon

certification by the Attorney General that the evidence is essential to the prosecution of the case, shall dismiss the complaint, indictment or information or any count thereof to the proof of which the evidence suppressed or excluded is essential. Upon ordering the complaint, indictment or information or any count thereof dismissed pursuant to the Attorney General's certification, the reasons of the dismissal shall be set forth in the order entered upon the record. *10 Del. C. § 9902(b).*

14. *State v. Barton,* 2003 WL 22853535 (Del.Super.), at *4.

15. *State v. Schleifer,* 2003 WL 21221810 (Del.Super.), at *2.

appeal of right arises under 10 *Del. C.* § 9902.[16] Next, it must be determined whether the appeal of right has been perfected. When the State elects to perfect an appeal of right, a three-step process is provided for in 10 *Del. C.* § 9902(b):

(1) The Trial Court enters an order adverse to the State "suppressing or excluding substantial and material evidence";

(2) The Attorney General then certifies that the "evidence is essential to the prosecution of the case";

(3) Whereupon, the Court "shall" enter an order dismissing the complaint.[17]

■ Turning attention to step (1), an order suppressing the evidence is not appealable under § 9902, but the order dismissing the action is.[18] Nowhere in the file or transcript is there an order granting Munden's motion to suppress. At the conclusion of the proceeding, the second Deputy was speaking with the trial court about his request to dismiss and certification, not Munden's motion to suppress. Therefore, this Court finds that the order of dismissal in the trial court was a direct result of its acceptance of the second Deputy's certification that the state could not proceed without the suppressed evidence, not the result of Munden's motion to suppress. But that may be distinction without a difference in this case. The Court made it clear it would not allow the intoxilyzer to be admitted without the testimony of the State Chemist. He was not present even

though Munden had previously requested it.

The trial court entered an order adverse to the State when it dismissed the case. In doing so, the trial court entered an order suppressing evidence deemed necessary to the State. The Court finds that step (1) of the appeal perfection process has been satisfied.

■ The second Deputy requested that the trial court dismiss and certify the case to enable the State to appeal specifically citing to 10 *Del. C.* § 9902. No case or statutory law has been found stating that the certification must be in writing. It is clear from the certified transcript that the second Deputy orally complied with the certification requirement of 10 *Del. C.* § 9902 and this Court has previously held such an oral certification meets the statutory requirement.[19] Therefore, step (2) of the appeal perfection process was satisfied.

Step (3) was satisfied when the trial court dismissed the action. As all three steps in the appeal perfection process were satisfied, the Court finds there was proper certification with the State preserving its right to appeal. Therefore, this Court has jurisdiction to consider Appellant's appeal.

There is one more hurdle the Appellant must overcome; the statutory filing period which commences on the date of the entry of the order.[20] The order was entered on July 14, 2004. The notice of appeal was filed on August 5, 2004, well within the 30 days allowed.

---

**16.** *State v. Cooley,* 430 A.2d 789, 791 (Del. 1981).

**17.** *State v. Cooley,* 430 A.2d 789, 791 (Del. 1981).

**18.** *State v. Cooley,* 430 A.2d 789, 791 (Del. 1981).

**19.** *State v. Reid,* 1988 WL 90563 (Del.Super.), at *2.

**20.** *State v. Cooley,* 473 A.2d at 820 (Del.Super.1983).

### Conclusion

Accordingly, for the reasons stated herein, the motion of Christine A. Munden to dismiss the appeal is **DENIED.**

**IT IS SO ORDERED.**