RICHARD D. MACHETTE, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 134, 2009.
Supreme Court of Delaware.
Submitted: May 11, 2009.
Decided: August 10, 2009.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice
This 10th day of August 2009, upon consideration of the appellant's opening brief, the appellee's motion to affirm and the Superior Court record, it appears to the Court that:
(1) In July 2007, a Superior Court jury convicted the appellant, Richard D. Machette, of Aggravated Menacing and Possession of a Deadly Weapon During the Commission of a Felony. On October 10, 2007, the Superior Court declared Machette a habitual criminal and sentenced him to a total of thirty years of imprisonment followed by six months of probation.
(2) On May 6, 2008, Machette moved pro se for postconviction relief. Machette's motion was referred to a Superior Court Commissioner for a report and recommendation. By report and recommendation dated September 19, 2008, the Superior Court Commissioner recommended that Machette's motion be denied.
(3) By order dated March 2, 2009, the Superior Court denied Machette's motion to amend his postconviction motion. The Superior Court gave Machette until March 20, 2009, to file written objections to the Commissioner's report. Machette did not file objections to the Commissioner's report. Instead, he filed this appeal on March 16, 2009.[1]
(4) It is well-settled that this Court does not have jurisdiction to hear an interlocutory appeal in a criminal case.[2] Only a final order in a criminal case is reviewable by this Court.[3]
(5) The Superior Court's order of March 2, 2009 is not a final appealable order. As a result, this Court does not have jurisdiction to consider Machette's appeal.
NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal is DISMISSED, sua sponte, pursuant to Supreme Court Rule 29(c), for lack of jurisdiction. The motion to affirm is moot.
NOTES
[1] In view of the appeal, the Superior Court, by order dated April 16, 2009, deferred decision on Machette's postconviction motion until return of the record of the record and mandate to that Court.
[2] See Sanders v. State, 1998 WL 986027 (Del. Supr.) (citing State v. Cooley, 430 A.2d 789 (Del. 1981)).
[3] See Sanders v. State, 1998 WL 986027 (Del. Supr.) (citing Rash v. State, 318 A.2d 603 (Del. 1974)).