**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE ) 
)
      v. )      ID No. 2502006448
)
BRYAN AZOFEIFA-RAMIREZ, )
)
    Defendant. )

**ORDER DENYING DEFENDANT'S CERTIFICATION OF AN INTERLOCUTORY APPEAL**

On this 12th day of March 2026, upon Defendant Bryan Azofeifa-Ramirez's Application for Certification of an Interlocutory Appeal (the "Application"),[1] the State's response to the Application (the "Response"),[2] and the record in this case, the Court finds that:

1.    On March 10, 2026, the Court issued its Opinion granting in part, and denying in part, Defendant's Motion to Suppress.[3] In doing so, the Court decided an important constitutional question: "whether the independent source doctrine can be used to avoid suppression of evidence previously discovered pursuant to a general warrant."[4]

2.    That same day, on March 10, 2026, Defendant filed his Application, purportedly pursuant to Delaware Supreme Court Rule 42.[5] Despite acknowledging

---

[1] D.I. 39.
[2] D.I. 40.
[3] D.I. 38.
[4] *Id.* at 3.
[5] D.I. 39.

1

that "Delaware Supreme Court Rule 42 imposes strict procedural requirements governing applications for interlocutory appeal,"[6] Defendant failed to address the Supreme Court's ability to hear interlocutory appeals in criminal cases.

3. On March 12, 2026, the State filed Response. The State noted in its response that the "Delaware Supreme Court does not have jurisdiction to entertain an interlocutory appeal in criminal cases."[7]

4. The Supreme Court of Delaware has made clear on numerous occasions that "Under the Delaware Constitution, the [Supreme] Court 'does not have jurisdiction to hear an interlocutory appeal in a criminal case.'"[8] Rather, the Supreme Court may only review a final judgment in a criminal case.[9] Thus, "the Supreme Court could not review the Court's interlocutory order, even if the Court certified the appeal."[10]

5. For these reasons, the Application is DENIED.

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

Original to Prothonotary

cc:  Cassandra M. Balascak, Esquire, DAG
     Alicia Ann Porter, Esquire

---

[6] *Id.* at 1.
[7] D.I. 40 (citing *Gottleib v. State*, 697 A.2d 400 (Del. 1997) and *State v. Cooley*, 430 A.2d 789 (Del. 1981)).
[8] *Matter of Taylor*, 2023 WL 8379200, at *2 (Del. Dec. 5, 2023).
[9] *Bacon v. State*, 2024 WL 4367441, at *1 (Del. Oct. 1, 2024) (citation omitted).
[10] *Johnson v. State*, 2013 WL 3004063, at *1 (Del. Super. May 20, 2013).