# SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                             )
      v.                  )      I.D. Nos. 1507024327, 1507014587
                             )
JONATHAN S. HALL,      )
                             )
      Defendant.      )

## ORDER

Submitted: April 21, 2020
Decided: August 6, 2020[1]

**AND NOW TO WIT**, this 6th day of August, 2020, upon consideration of Defendant Jonathan S. Hall's ("Defendant") Motion for Postconviction Relief, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On February 4, 2016, Defendant pled guilty to Possession of a Firearm by a Person Prohibited, Possession of Ammunition by a Person Prohibited; Resisting Arrest; and Aggravated Possession – Tier 2 (Class E Felony).[2] On April 8, 2016, this Court imposed a sentence that included a sum of ten years of incarceration

---

[1] The Court notes that the judicial emergency declaration caused by the COVID-19 pandemic, "[was] extended for another 30 days effective July 8, 2020 . . . ." *See* ADMINISTRATIVE ORDER NO. 8 EXTENSION OF JUDICIAL EMERGENCY (Del. July 6, 2020).

[2] Trial Calendar/ Plea Hearing: Pled Guilty/ PSI Ordered, *State of Delaware v. Jonathan S. Hall*, Crim. Id. No. 1507024327, D.I. 12 (Del. Super. Ct. Feb. 4, 2016) [hereinafter the Court will refer to docket numbers].

1

followed by transitioning levels of probation.[3]

2.      On December 20, 2019, Defendant filed a Motion for Correction of Illegal Sentence,[4] a Motion for Appointment of Counsel,[5] and this Motion for Postconviction Relief ("Rule 61").[6] This Court denied both Defendant's motions for Correction of Illegal Sentence,[7] and for Appointment of Counsel.[8] On June 9, 2020, Defendant appealed both rulings.[9]

3.      On August 5, 2020, the Delaware Supreme Court dismissed Defendant's appeal for lack of jurisdiction of interlocutory review prior to the entry of a final order on Defendant's pending motion.[10] Defendant's Rule 61 Motion is addressed below.

4.      Defendant presents eight grounds as the bases for his Rule 61 motion.[11]

---

[3] Defendant was sentenced as follows:  (1) For the Firearm charge, twelve years at Level V, suspended after ten years at Level V, for two years and six months at Level IV DOC Discretion, suspended after six months at Level IV DOC Discretion, for two years at Level III TASC; (2) For the Ammunition charge, one year at Level V, suspended for one year at Level III TASC; (3) For the Tier 2 Possession charge, one year at Level V, suspended for one year at Level II; and (4) For Resisting Arrest, Defendant received one year at Level V, suspended for one year at Level I. *See* Sentence Order, D.I. 20.  Defendant's probation runs concurrently. *See id.*

[4] Defendant's Motion for Correction of Illegal Sentence, D.I. 20.

[5] Defendant's Motion for Appointment of Counsel, D.I. 19.

[6] *See generally* Defendant's Motion for Postconviction Relief, D.I. 21 [hereinafter "Def.'s Mot."].

[7] Order Denying Defendant's Motion for Correction of Illegal Sentence, D.I. 25.

[8] Order Denying Defendant's Motion for Appointment of Counsel, D.I. 29.

[9] Notice of Appeal, D.I. 32.

[10] *Jonathan S. Hall v. State of Delaware*, No. 196, 2020, at 2 (Del. Aug. 5, 2020) (citing Del. Const. art. IV, § 11(1)(b); *Rash v. State*, 318 A.2d 603, 604 (Del. 1974)).

[11] The grounds are as follows:  (1) "2nd, 8th, and 14th Amendment violations[;]" (2) "The Bill of Rights[;]" (3) "'Supremacy Clause' Article 6 [of the] U.S. Constitution[;]" (4) "Delaware Constitution Article I[,] Section 20[;]" (5) the "legal and common definitions of the word 'shall'[;]" (6) "(Lewis v. U.S. 1980)[;]" (7) the "Stare Decisis Doctrine[;]" and (8) "(Marbury v. Madison 1803) . . . ." Def.'s Mot. at 3-4.

He claims infringements of constitutional protections of the United States and Delaware constitutions warrant postconviction relief.[12] His motion is a vague recitation of excerpts from the U.S. Constitution, the Bill of Rights, and the Supremacy Clause.[13] For example, Defendant asserts his "right to own and possess a firearm[,]" was "taken away" and resulted in him being "treated differently under the law[,]" claiming such treatment is "cruel and unusual punishment . . . ."[14]

5.     Superior Court Criminal Rule 61 is the exclusive remedy for persons "in custody under a sentence of this court seeking to set aside the judgment of conviction . . . ."[15] This Court "must first consider the procedural requirements of Rule 61 before addressing any substantive issues."[16] The procedural "bars" of Rule 61 are:     timeliness,[17] repetitiveness,[18] procedural default,[19] and former

---

[12] *See* Def.'s Mot. at 3-4.

[13] *See id.*

[14] *Id.* at 3.

[15] DEL. SUPER. CT. CRIM. R. 61(a)(1). *See, e.g., Warnick v. State*, 158 A.3d 884, 2017 WL 1056130, at *1, n.5 (Del. Mar. 30, 2017) (TABLE) (citing *Miller v. State*, 157 A.3d 190, 2017 WL 747758 (Del. Feb. 24, 2017) (TABLE)) (denying a Rule 35(a) motion attacking sufficiency of evidence in indictment to which defendant pleaded guilty; defendant's "challenge [of] his indictment is outside the scope of Rule 35(a)" and was limited to Rule 61).

[16] *Bradley v. State*, 135 A.3d 748, 756-57 (Del. 2016) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)). *See* DEL. SUPER. CT. CRIM. R. 61(i) (setting forth Rule 61's procedural bars).

[17] DEL. SUPER. CT. CRIM. R. 61(i)(1). *See, e.g., Evick v. State*, 158 A.3d 878, 2017 WL 1020456, at *1 (Del. Mar. 15, 2017) (TABLE) (affirming denial of Rule 61 motion as untimely when filed more than two years after conviction became final).

[18] DEL. SUPER. CT. CRIM. R. 61(i)(2). *See, e.g., Walker v. State*, 154 A.3d 1167, 2017 WL 443724, at *1-2 (Del. Jan. 17, 2017) (TABLE) (denying defendant's third postconviction relief motion as repetitive).

[19] DEL. SUPER. CT. CRIM. R. 61(i)(3).

adjudication.[20]

6.     This is Defendant's first motion for postconviction relief.[21] Although, not barred as repetitive, the motion is untimely.[22] Defendant's sentence was imposed in April 2016.[23] Defendant filed this Motion in December 2019, more than three years after his sentencing.[24] Since his motion is barred, he must show entitlement to relief under Rule 61(i)(5).[25] Defendant fails to assert any arguments to cure his untimeliness. Even if timely, his motion presents no substantive arguments for consideration under Rule 61.[26] For the reasons stated, Defendant's Motion is **SUMMARILY DISMISSED.**

**IT IS ORDERED.**

_____

Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Defendant
      Barzilai K. Axelrod, Deputy Attorney General
Department of Justice
Investigative Services

---

[20] DEL. SUPER. CT. CRIM. R. 61(i)(4).

[21] *See* DEL. SUPER. CT. CRIM. R. 61(d)(1).

[22] *Id.*

[23] *See* Sentence Order, D.I. 14.

[24] *See* DEL. SUPER. CT. CRIM. R. 61(m)(1) (sentences are final thirty days after the sentence was imposed).

[25] DEL. SUPER. CT. CRIM. R. 61(i)(5) ("The bars to relief in paragraphs . . . shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of paragraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."); *see, e.g., Evick*, 2017 WL 1020456, at *1 (discussing 2017 version of Rule 61(i)(5); holding untimely Rule 61 motion procedurally barred and defendant did not show entitlement to relief under Rule 61(i)(5)).

[26] DEL. SUPER. CT. CRIM. R. 61(d)(5) ("If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified.").